[Crim. No. 558. ' Second Appellate District.—November 8, 1917.]

THE PEOPLE, Respondent, v. T. TAMINAGO, Appellant.

CRIMINAL LAW—MURDER—NEW TRIAL—INSANITY—EVIDENCE NOT NEWLY DISCOVERED.—In a prosecution for murder, where no effort was made during the trial to prove the defendant was insane, as indicated by the fact that his counsel addressed certain questions to witnesses, to show he was simple-minded, a motion for new trial on the ground of newly discovered evidence based upon the affidavits of two physicians that the defendant, in their opinion, was insane, was properly denied, since such evidence was not newly discovered within the legal meaning of that term.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—MOTIONS NOT FAVORED. Motions for a new trial on the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, as public policy demands that a litigant should be compelled to exhaust every reasonable effort to produce all his evidence at his trial.

ID.—SENTENCE—SANITY OF DEFENDANT—APPEAL.—In a trial for murder, where no attempt was made during the trial to prove the defendant was insane, it cannot be contended on appeal that the court erred in pronouncing sentence without having his sanity first passed upon by a jury, where before sentence he stated that he had no legal cause why judgment should not be pronounced, notwithstanding between the time of verdict and sentence he was examined by two physicians and their affidavits giving their opinions that defendant was insane were presented to the trial court between such times.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Tom L. Johnston, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

WORKS, J., *pro tem.*—The appellant was tried under an information charging him with the murder of one Watanabe, was convicted of murder in the second degree, and was sentenced to imprisonment for twenty years. The appeal is from the judgment and sentence and from an order denying the appellant's motion for a new trial.

Both Taminago and Watanabe were Japanese and were employed in the kitchen of a hospital in the city of Los Angeles Under circumstances which need not now be detailed the evidence shows, without dispute, that Taminago shot Watanabe to death at the place where they were employed.

In support of appellant's motion for a new trial, which was made on the ground of newly discovered evidence, there was offered an affidavit made by two registered physicians of the state. The affidavit, which was uncontroverted, contained a lengthy statement of the symptoms and condition of Taminago, and also the following conclusions of the physicians: "We are unqualifiedly of the opinion that he is insane and has been so for more than a year last past. That he is suffering from a prolonged state of depression . . . and that he is in a condition of chronic melancholia and not responsible for his actions or statements."

We cannot say there was error in denying the motion. Motions for a new trial on the ground of newly discovered evidence are looked upon by the courts with distrust and disfavor, as public policy demands that a litigant should be compelled to exhaust every reasonable effort to produce all his evidence at his trial. (*People* v. *Byrne,* 160 Cal. 217, [116 Pac. 521].) That such an effort was not made in the present case is indicated by the fact that, at the trial, appellant's counsel addressed certain questions to witnesses "to show if there was any weakness of mind or anything of that sort" in the defendant and to show that he was "simple-minded." The questions were excluded by the court upon the statement of counsel that no attempt was being made to prove insanity. Appellant's counsel evidently knew, or believed, at the time of the trial

that appellant was not normally minded, to say the least; and that knowledge, or belief, should have been followed by an attempt to ascertain and present to the court evidence upon his condition of mind, if investigation in fact made it appear that he was insane. Under such circumstances it cannot be said that evidence tending to establish the insanity of the appellant was newly discovered, within the legal meaning of that term.

The examination of the appellant by the two physicians was made, and their affidavit was presented to the trial court, between verdict and sentence. It is contended "that the court erred in pronouncing judgment and sentence upon this defendant without having his sanity passed upon by jury," in the face of the uncontroverted affidavit of the physicians; but there is nothing in the record upon which the presentation of the question can be predicated. The trial court was given no opportunity to pass upon the point. Before Taminago was sentenced he was asked if he had any legal cause why judgment should not be pronounced against him, his counsel being present, and he responded that he had not. The purpose of an appeal from a trial court is to review some action of the court, and as there was no action in this instance, no order which involved the question now sought to be presented, there is nothing to review. If Taminago is in fact insane, the law furnishes ample opportunity for the determination of the question at any time, upon the taking of appropriate steps to that end.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 7, 1918.