## Whitaker v. Commonwealth.

(Decided May 7, 1920.)

## Appeal from Letcher Circuit Court.

1. Escape—Escape of Prisoner from Jail.—One committed to jail upon failure to execute a bond to keep the peace, if not given a fair trial, or the tender by him of a proper bond was refused, should have asserted his rights and sought a correction of any prejudicial errors in due time and in the proper forum and not undertaken to escape from the jail.

2. Escape—Jailer Committed to Jail.—A jailer committed to jail upon his failure to execute a peace bond, who unlocked the door with a key in his possession and walked out was guilty of an escape, neither force nor bribery being necessary elements to constitute the offense.

3. Escape—What Constitutes.—The departure by a prisoner from lawful custody before his discharge by process of law is an escape.

4. Criminal Law—Instructions.—The requirement of the criminal code that instructions should be in writing may be waived in misdemeanor cases.

5. Criminal Law—Instructions—Waiver.—Where accused not only did not object to the giving of an oral instruction but later when the jury requested further information consented that an instruction orally given might be read to the jury by the stenographer he waived the right to object to said instruction.

6. Criminal Law—Instructions—Form of.—The law prescribes no fixed form which the court shall follow in instructions to the jury upon any point of law; regard is given to the substance rather than the form.

7. Criminal Law—Instructions.—Absence of the word "unlawful" in an instruction in a misdemeanor case did not render the instruction void.

8. Criminal Law—Instructions—Objects of.—The purpose of an instruction is to so enlighten the minds of the jury relative to the principles of law arising from the evidence introduced at the trial as to enable them to reach a verdict in accordance with the proof.

W. H. MAY, D. D. FIELDS and D. I. DAY for appellant.

CHARLES I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, R. MONROE FIELDS, and W. P. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant is the duly elected and qualified jailer of Letcher county. During the early part of August, 1919,

he was arrested under a peace warrant, tried before the county judge and required to give bond as provided by section 384 of the Criminal Code. He was by said order committed to the county jail for the period of three months, unless in the meantime he furnished security in the sum of five thousand dollars. He did not remain long in jail. With a key, which he retained, he unlocked the door, walked out and went to the home of a friend. Thereafter he was indicted by the grand jury for the offense covered by section 1338 of the Kentucky Statutes, which reads:

"If a prisoner confined on a sentence of imprisonment, or to be whipped, or under a capias, escapes jail, or if a person lawfully arrested upon a charge of violation of the criminal or penal laws forcibly or by bribery effects his escape from the officer or guard, he shall be confined in jail not less than six nor more than twelve months."

Upon trial he was found guilty and his punishment fixed at six months in the county jail. To reverse this judgment he has prosecuted the present appeal.

It is argued that appellant's confinement in the jail by the county judge was not legal. Previous to the issuance of the warrant a general fight had taken place between appellant, the sheriff and the county judge. There had also been some trouble between appellant's son and the deputy sheriff, the latter having shot the former.

Appellant claims he was practically dragged out of bed on Sunday night, taken before the county judge, who refused to hear him, and sentenced him without trial; nor would he accept bond, and was threatening to send him to the jail in Perry county. Appellant's immediate arrest it seems was brought about through some trouble he had with a man named Jenkins.

Regardless of what may have preceded his arrest appellant was entitled to a hearing and if this was denied him he should have proceeded in due time, and before the proper forum, to correct the errors of which he now complains. But the question as to the correctness of that procedure is not here. The county judge was authorized to order the arrest. Criminal Code, section 382. Likewise did he have jurisdiction to hear and determine the matter. A judgment was duly entered committing appellant to jail until he furnished the required bond. If he was unable or unwilling to give bond, or the tender

of proper security was refused, or if, for any reason, appellant was dissatisfied with such order he should have proceeded according to law. It was his duty to submit to the commitment until his status was changed, or he was released in a proper manner. *Ubi jus ibi remedium* is a maxim of wholesome application. Whatever his rights, appellant had his legal remedy and of this he should have availed himself. He was not authorized or justified in leaving the jail of his own volition; in so doing he was guilty of an escape. The departure by a prisoner from lawful custody, before his discharge by process of law is an escape. It was so held in Maggard v. Commonwealth, 173 Ky. 97, 190 S. W. 666, construing section 1338. In this case the court held that the offense under the first classification of the statute, to-wit: "If a prisoner confined on a sentence of imprisonment, or to be whipped, or under a capias, escapes jail," and the one applicable here, is complete and the offender commits it by merely escaping, and the presence of force or bribery is not necessary to constitute this kind of escape.

In Fluty and Spaulding v. Commonwealth, 32 K. L. R. 89, 105 S. W. 138, construing section 1357, which imposes a penalty upon those aiding or assisting prisoners to escape, the court said the guilt or innocence of those whose escape is effected does not enter into the consideration of the case; the only question is was the prisoner charged with a misdemeanor, and was he in the lawful custody of an officer?

It is next urged the court erred in giving an oral instruction and that the instruction as given was erroneous.

Section 225 of the Criminal Code provides that the court shall on the motion of either party and before argument instruct the jury in writing, but it has been held in numerous cases that this provision is not mandatory, and may be waived, especially in misdemeanor cases, and that this waiver may arise from a failure to object to the giving of oral instructions.

In Mobile & Ohio R. R. Co. v. Commonwealth, 122 Ky. 435, 92 S. W. 299, the court orally instructed the jury, but the record failed to show that the court was requested by appellant's counsel to instruct in writing, nor did it show that counsel objected to the oral instruction, and it was held that by its failure to object to the

oral instruction, and to save an exception thereto appellant was estopped from raising the objection in this court that the instructions were not in writing.

The appellant in the instant case excepted to the instruction as given, that is to its substance, not because it was oral, and moved the court to give the whole law of the case. Thereafter the jury returned into court and stated that they did not thoroughly understand the instruction. Appellant by counsel expressed his willingness that the instruction be read to the jury and the court ordered same to be done. Under these circumstances we do not see how appellant can complain of the action of the court in giving to the jury the oral instruction, because he not only did not object to the giving of the instruction in that form, but he waived any objection he otherwise might have had by consenting that the stenographer read it to the jury.

The further objection urged against the instruction is that it did not contain the word "unlawfully." We do not consider this objection as tenable. The law prescribes no fixed form which the lower court shall follow in instructions to be given to the jury upon any point of law; regard is given to the substance rather than the form. In Overstreet v. Commonwealth, 147 Ky. 471, 144 S. W. 751, an indictment was attacked because it failed to contain the word "unlawful," and in passing upon this point we said that if, when considered as a whole, the charge is stated with sufficient clearness and certainty to enable a person of common understanding to know what he is charged with and to enable the court to pronounce judgment, no error in form or expression will make the indictment bad. To same effect is Greer v. Commonwealth, 164 Ky. 396, 175 Ky. 665; Clark v. Commonwealth, 165 Ky. 472, 177 S. W. 251.

In Brook v. Commonwealth, 16 Rep. 356, it was held that the omission of the word "feloniously" from an instruction was not prejudicial in a trial for murder, and the same ruling was made in Allen v. Commonwealth, 144 Ky. 222, 137 S. W. 1060, in a prosecution for stealing chickens. It is not necessary that the instruction be couched in the same form or phraseology as the indictment. The purpose of an instruction is to enlighten the minds of the jury with reference to the principles of law arising from the evidence introduced on the trial, to the end that they may be enabled to reach a verdict in ac-

cordance with the proof. The instruction complained of properly gave to the jury the law governing the case submitted to them. Appellant admitted he unlocked the door and walked out, hence the only matter really before the jury was the extent of the punishment and they fixed the minimum provided by statute for the offense charged.

Finding no errors prejudicial to the substantial rights of appellant the judgment of conviction must be and is affirmed.