[Crim. No. 779. Second Appellate District, Division Two.—May 27, 1921.]

THE PEOPLE, Respondent, v. FRANK WALTON, Appellant.

[1] CRIMINAL LAW — BURGLARY — THEFT OF REVOLVER — EVIDENCE — IDENTIFICATION—NUMBER ON BOX—SECONDARY PROOF.—In a prosecution for burglary involving the theft of a revolver, error, if any, in permitting the complaining witness, over objection that it was secondary evidence, to state the number which he had seen on the box which contained his revolver when he purchased it, which number was identical with the revolver produced on the trial, was cured where the witness subsequently testified that he had searched for the box itself and it could not be found.

[2] ID.—APPEAL—CORRESPONDENCE OF NUMBER ON BOX WITH CONTAINED REVOLVER—POINT NOT AVAILABLE FOR FIRST TIME.—On ap-

peal from a judgment of conviction of burglary, involving the theft of a revolver, the objection that proof of the number on the box in which the revolver of the complaining witness was purchased was not evidence that the same number was on the revolver contained in the box, cannot be raised, where such objection was not made in the trial court.

[3] ID.—IDENTIFICATION BY INVOICE.—Where in a prosecution for burglary involving the theft of a revolver the prosecuting witness had identified a revolver sold by the defendant after the burglary as the one stolen by the number on the box in which it was purchased by such witness, there was no error in permitting further identification by means of the invoice showing the sale.

[4] ID.—GUILT OF DEFENDANT—CONVICTION OF INDIVIDUAL JUROR—INSTRUCTION.—An instruction in such prosecution that the jury could not convict if any individual juror was not convinced of appellant's guilt beyond a reasonable doubt should have been given, but the failure to give it was not reversible error, since it was simply admonitory and cautionary of the sworn duty of the jurors.

APPEAL from a judgment of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. D. McLaughlin for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

WORKS, J.—This is an appeal from a judgment of conviction of burglary. The residence of one Webster had been entered and various articles of wearing apparel were left scattered about his rooms, but nothing was missing from the place except a certain revolver. Appellant had been seen loitering about the Webster premises and he later sold a revolver to a merchant. This revolver was produced at the trial from the merchant's possession, and the appeal turns on the question whether the weapon was the one taken from Webster's residence. It will be observed that the *corpus delicti* could not have been established except upon a showing of the identity of the revolver missed by Webster with the one produced at the trial. Appellant contends that the trial court committed error in the admission of secondary evidence, over his objections, offered for the

purpose of supplying this link in the chain of proof of the *corpus delicti.*

[1]   It was sought by the testimony of Webster to identify the missing revolver with the one produced in court by showing that a serial number on the one was the same as that which appeared on the other.   Webster had never seen the number on his revolver, but he was allowed, over the objection of counsel, to state a number which he had seen on the box which contained the weapon when he purchased it. The number mentioned by him was identical with the one on the revolver produced at the trial.   It is in the reception of this evidence that it is claimed that the court committed the error to which we have alluded.   But, conceding for the sake of argument that the court erred in the ruling under which the statement was received, the error was cured afterward.   The court ordered Webster to bring the box into court at the next session.   He did not do so, but testified that he had searched for it and that it could not be found. The testimony as to the extent of the search was scant, but it was probably sufficient to establish the fact that the box was lost.   Even if it were not, however, counsel for appellant seems to have been satisfied with it, for after it was in he made no attempt to have stricken from the record Webster's earlier statement of the number appearing on the box. The loss of the box having been proven, Webster could then have been permitted to testify, over the objection that the evidence was secondary, to the figures appearing on it; but as his evidence on the subject was already in, even if erroneously admitted before proof of loss of the box, it was not necessary to ask him to repeat it after proof of the loss.   There was no error in the respect claimed by appellant.

[2]   There is a mere mention in appellant's brief of the point that evidence of the number on the box was not evidence that the same number was on the revolver which came to Webster in the box.   It is enough to say, as to this point, that it was not made in the trial court.   Counsel's only point was that Webster's statement of what the box showed was secondary evidence and that the box itself should have been produced.   As the objection now made was not presented at the trial it cannot be considered here. ''The purpose of an appeal from a trial court is to review

some action of the court, and as there was no action in this instance, no order which involved the question now sought to be presented, there is nothing to review'' (*People* v. *Taminago,* 35 Cal. App. 238, [169 Pac. 696]).

[3] The people sought further to identify Webster's revolver with the one produced at the trial by means of an invoice showing the sale of the revolver to him by number. Appellant contends that no sufficient foundation was laid for the introduction in evidence of this paper, but the point is valueless after what we have said concerning the identification of the pistol by means of the number on the box. We are pointed to no evidence in the record showing that the alleged two weapons were not one. This being so, no further identification was necessary, and the jury could have made but the one finding on the question.

[4] Appellant requested an instruction to the effect that the jury could not convict if any individual juror was not convinced of appellant's guilt beyond a reasonable doubt, and the request was refused. The refusal is complained of as error. It has been decided several times that such an instruction should be given, but the cases in which that rule is announced are also to the effect that a failure to give it is not reversible error, upon the theory that the instruction is ''in effect simply admonitory and cautionary of the sworn duty of the jurors'' (*People* v. *Singh,* 20 Cal. App. 146 [128 Pac. 420] ; *People* v. *Svendsen,* 25 Cal. App. 1 [142 Pac. 861]).

Finally, appellant complains of the trial court's refusal to give two certain instructions on the question of reasonable doubt. There is evidence in the record, coming from the lips of Webster, to the effect that he sometimes kept the missing revolver in a pocket in his automobile, instead of in the place in the house from which he asserted it was taken. The requested instructions were so framed as to inform the members of the jury that they could not convict of burglary if they had a reasonable doubt upon the question whether the revolver was taken from the place in the house or from the automobile. Laying aside the contention of the attorney-general that the subject matter of the two refused instructions was contained in instructions which were given, we are satisfied that there was no basis in the record for the two in question. While Webster did

testify that he sometimes kept the gun in his car, his whole testimony on the point, taken together, is clearly and positively to the effect that at the time in question here it was in its place in the house. This is made to appear, especially, in the redirect examination of Webster by the district attorney. It was not error to refuse the two instructions.

The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 25, 1921.

All the Justices concurred, except Wilbur, J., who was absent.