[Civ. No. 3855.   Second Appellate District, Division Two.—January 5, 1923.]

## MILTON HERSOM, Respondent, v. CARRIE HERSOM, Appellant.

[1] FINDINGS — FRAUD — INSUFFICIENT EVIDENCE — APPEAL.—Where a finding on the issue of fraud tendered by appellant's answer would have been adverse to her if one had been made, the evidence having been utterly insufficient to support a finding in her favor, the failure to find on that issue was not reversible error.

[2] DIVORCE—COMMUNITY PROPERTY—FINDINGS—UNCERTAINTY.—In an action for divorce, a finding that "there is some community property interest belonging to the parties herein, but that said interest consists only of an equity which is a right to redeem certain property which once belonged to the parties but which property has been foreclosed upon by an assignee of the mortgages," while indefinite and uncertain standing alone, is sufficiently definite and certain where it is made intelligible and sufficiently exact by reference to the pleadings.

[3] TRIALS — HEARING IN CHAMBERS — APPEAL.—An appellant cannot predicate reversible error on the action of the trial judge in conducting a hearing in his chambers, where such objection was not raised in the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Fred H. Taft, Judge.   Affirmed.

The facts are stated in the opinion of the court.

C. L. Kilgore for Appellant.

Harry K. Smith and Rollin L. McNitt for Respondent.

WORKS, J.—This is an action for divorce.   The appeal is taken by defendant from an interlocutory decree rendered

in favor of plaintiff, and the only points made by appellant relate to the disposition of certain alleged community property of the parties. In addition to various denials contained in her answer, appellant averred affirmatively that respondent and his mother had fraudulently deprived appellant of her interest in the alleged community property. It was averred that the fraud was consummated by respondent's mother purchasing certain mortgages which were outstanding against the property, respondent then fraudulently refraining from making certain payments falling due on the obligations and thus enabling his mother to foreclose the mortgages for the benefit, as it was alleged, of herself and him.

[1] Appellant contends for a reversal of the judgment on the ground that the trial court failed to find on the issue of fraud tendered by the answer. Passing by other arguments which respondent opposes to this contention, it is enough to say that the evidence on the question of fraud, reproduced in full in appellant's brief, was utterly insufficient to support a finding in her favor. The finding, therefore, must have been adverse to her, if one had been made. Under such circumstances a failure to find is not reversible error (*Cross* v. *Thiele,* 51 Cal. App. 780 [197 Pac. 974]).

[2] The point is made that the findings and judgment are so indefinite and uncertain "that it is impossible to determine what community property existed or what rights appellant had therein." The complaint alleges that "the community property which the parties one time owned has been foreclosed upon and taken away from them by law," but no attempt is made in the pleadings to describe the property. The answer specifically admits the truth of the allegation that the community property had been "taken away" by foreclosure, and follows the admission with the allegations of fraud to which we have referred. Moreover, the answer supplies the omission made in the complaint, for in the former pleading a description of the property is set forth. The description follows the admission as to the foreclosure and the allegations of fraud, and the described property is referred to as the "said property above mentioned." The finding of the trial court which gives rise to the indefiniteness and uncertainty inveighed against by appellant is that "there is some community property interest belonging to the parties herein, but that said interest consists only of an equity

which is a right to redeem certain property which once belonged to the parties but which property has been foreclosed upon by an assignee of the mortgages.'' This finding, standing alone, is indefinite and uncertain, there is no doubt; but it is made intelligible and sufficiently exact by a reference to the above-mentioned portions of the pleadings. Who can doubt, after perusing the allegations of the parties, that in legal effect the description of property in the answer is part of the finding of the court? Who can doubt that the right referred to in the finding was the right to redeem within the time fixed by law from the decree of foreclosure mentioned in the pleadings? The point is not well taken.

[3] After the cause had been submitted for decision the trial court set aside the submission for the purpose of receiving further evidence, and hearing was had by the judge in chambers. Counsel for both sides were present on the occasion. Appellant contends that the action of the trial judge in conducting a hearing in his chambers was error. Respondent meets this contention by various arguments, but a consideration of one only of them will dispose of the question. Appellant made no objection to the holding of the session in chambers, thus failing to give the trial court an opportunity to pass upon the question she now urges on appeal. ''The purpose of an appeal from a trial court is to review some action of the court, and, as there was no action in this instance, no order which involved the question now sought to be presented, there is nothing to review'' (*People* v. *Taminago,* 35 Cal. App. 238 [169 Pac. 696]; *People* v. *Walton,* 53 Cal. App. 35 [199 Pac. 824]).

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 5, 1923.

All the Justices concurred.