[Crim. No. 1135.  Second Appellate District, Division Two.—November 14, 1924.]

THE PEOPLE, Respondent, v. RAMON GONZALES, Appellant.

[1] CRIMINAL LAW—ATTEMPT TO ROB—EVIDENCE.—In this prosecution for an attempt to commit robbery, the evidence was sufficient to justify the jury in holding that defendant and his codefendants were engaged in an attempt to rob.

[2] ID.—EXHIBITION OF WEAPON TO JURY—RECORD.—In such prosecution, the alleged presentation to the eyes of the jury of a black-jack, which the defendant was separately charged with carrying, will not be declared to be error where, by reason of defendant's failure to show the contrary, it must be assumed that there is nothing in the record showing that such an occurrence took place.

[3] ID.—CONCEALED WEAPON — READING OF CHARGE — WAIVER OF OBJECTION.—In such prosecution, error cannot be predicated by defendant on the reading of a charge to the jury that defendant, being an unnaturalized person, carried a concealed blackjack, where no objection whatever was made to the reading of the charge, nor was the trial court asked to admonish the jury to disregard the reading, nor was any fault found in any form with the fact that the untoward occurrence took place.

[4] ID.—PRELIMINARY EXAMINATION—RECORD—APPEAL.—In such prosecution, there is no basis for a determination of contentions made by defendant that he was deprived of constitutional rights at his preliminary examination in that he was not at that time represented by counsel, that he was not informed of his right to have counsel, and that he was not informed of his right to cross-examine the witnesses against him, with the result that they were not cross-examined by him or on his behalf, where the transcript of the evidence taken at the preliminary examination, in

1.  See 23 R. C. L. 1162; 22 Cal. Jur. 843.

which defendant says that matter quoted by him in support of said contentions may be found, is not before the appellate court.

[5] ID.—VARIANCE—WAIVER.—In such prosecution, the point that there was a variance between the charge and proof as to the name of the person whom defendant attempted to rob was waived, where no objection was made at the trial to any of the evidence on the ground of variance, nor was the point in any manner presented at the trial, or on motion for a new trial.

(1) 34 Cyc., p. 1808.   (2) 17 C. J., p. 227, sec. 3573.   (3) 17 C. J., p. 60, sec. 3332.   (4) 17 C. J., p. 170, sec. 3462.   (5) 17 C. J., p. 55, sec. 3330.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Samuel Spencer Jackson for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WORKS, J.—The defendants were charged with an attempt to commit robbery. Defendant Gonzales was convicted and appeals from the judgment and from an order of the trial court denying his motion for a new trial.

[1] It is contended that the evidence was insufficient to support the verdict in that there was no showing of an attempt to rob. It is said that the defendants frightened the complaining witness, who was the keeper of a grocery store, but that the evidence shows nothing further. This claim is based upon a palpable misconception of the effect of the testimony. Appellant and one of his codefendants, according to the testimony of the complaining witness, appeared at the store one evening as the witness was about to close the place for the night. One of the defendants asked the proprietor of the store if he had any cookies. The proprietor was about to serve his apparent customers when, as he says, appellant "came in between the counter and cookie case and he says, 'Stick them up,' and got a gun about that long; he stuck him right again me. . . . Well, no use to argue with them, this fellow and another fellow, I got here

when they came, grabbed me by the throat and the other fellow stuck his gun against me and had two guns there and took me down to the refrigerator and down to the back door and take me out back way. Of course, I make a noise some way and that time they beat me out the back way.'' Further testimony of the witness shows that he meant by the last words above quoted to say that the two defendants fled. There is further evidence bearing upon appellant's point, but this is enough. The jury was justified in believing that the defendants were not engaged in perpetrating a practical joke upon the prosecuting witness. The point is without merit.

[2] It appears that at the time the action was tried against the three defendants a separate charge was standing against appellant—a charge of carrying a concealed weapon, the article being what is known as a blackjack. Appellant says that this latter charge was read to the jury along with the charge against the three defendants. He also asserts that later, during the progress of the trial, the blackjack was brought into the courtroom through mistake and laid on a table before the eyes of the jury along with certain articles of clothing which were produced for the purpose of being offered in evidence. Appellant contends that he was substantially damaged by the reading of the charge of carrying a blackjack and by the presentation of that weapon to the eyes of the jury, and asks for a reversal of the judgment on that ground. He refers us to no place in the record which shows the facts concerning the reading of the charge as to the concealed weapon. There is a reference to the clerk's transcript, not to the reporter's transcript, in the matter of the production of the blackjack in the courtroom. When we follow this reference we are brought only to a motion to set aside the verdict, one of the grounds stated in it being that the weapon was presented to the eyes of the jury in the manner stated in the brief. Respondent asserts that there is nothing in the record of the trial concerning this latter occurrence and, in default of a showing to the contrary by appellant, we shall assume the statement to be true. [3] The record does show, as pointed out by respondent, that a charge that appellant, being an unnaturalized person, carried a concealed blackjack was read to the jury. This cir-

cumstance, however, is divested of all interest when it is
observed that no objection whatever was made to the reading
of the charge, nor was the court asked to admonish the jury
to disregard the reading, nor was any fault found in any
form with the fact that the untoward occurrence took place.
On the contrary, appellant's counsel seemed to feel, so far
as we may judge from the record, that the reading was
entirely proper, and, in fact, that appellant should have been
tried on the charge at the same time with the charge jointly
made against him and the other defendants. This is the
state of the record immediately following the reading of the
charge made against appellant alone: "The Court: They are
not on trial on the second information. . . . Mr. Jackson:
If your honor please, do I understand your honor to rule
that this count . . . in regard to Gonzales is not to be tried
along with this other? The Court: He is not on trial for
that charge at this time. That is just a mere accident that
those two informations got in the files together. . . . Mr.
Jackson: But the concealed weapon case is not to be tried
at this time? The Court: That is right." From these cir-
cumstances it is apparent that the point now under discus-
sion falls to the ground.

[4] Appellant contends that he was deprived of consti-
tutional rights at his preliminary examination in that he was
not at that time represented by counsel, that he was not in-
formed of his right to have counsel, and that he was not
informed of his right to cross-examine the witnesses against
him, with the result that they were not cross-examined by
him or on his behalf. In support of these contentions ap-
pellant quotes matter which he says is found in the transcript
of the evidence taken at the preliminary examination, but
that transcript is not before us and there is therefore no
basis for a determination of the questions presented. It is
contended by respondent, also, that the points made could
properly be presented only upon a motion to dismiss the
information and that no such motion was made. This point
we do not decide.

[5] It is insisted that the judgment should be reversed
for the reason that the charge was that the defendants at-
tempted to rob T. Tschanz, while the evidence shows that
the name of their victim was Simon Tschanz. This variance

appears from the record, it is true, and if we concede without deciding that it was a material variance, we at once observe that no objection was made at the trial to any of the evidence on the ground of variance, nor in fact was the point in any manner presented at the trial, or on motion for a new trial. It has been determined, under a statute to the effect that only questions presented at the trial can be reviewed on appeal, that the claim made in a criminal case that there was a variance between charge and proof cannot first be presented to the appellate court (*State* v. *Padilla,* 18 N. M. 573 [139 Pac. 143]), and in this state it has been held many times that the point that there is a variance between pleading and proof in civil cases cannot first be made on appeal (*Stockton C. H. & A. Works* v. *Glens Falls Ins. Co.,* 121 Cal. 167 [53 Pac. 565]; *Robson* v. *O'Toole,* 60 Cal. App. 710 [214 Pac. 278]). In the opinions in the two cases cited, and in the many others referred to in them, the reason given for the rule in civil cases is that an amendment of pleadings may be allowed and justice thus be done if the point be made in the trial court. There appears to be an equally cogent reason for the application of the principle in criminal cases. If the question be raised in the trial court the pending charges may be dismissed and a new indictment be found, or a new information be filed, thus aiding the administration of substantial justice and wiping out what are sometimes exceedingly technical defenses. It is to be remembered, too, that the general rule is that courts of review pass only upon questions presented at the trial. This rule has often been applied in criminal as well as in civil cases (*People* v. *Taminago,* 35 Cal. App. 238 [169 Pac. 696]; *People* v. *Walton,* 53 Cal. App. 35 [199 Pac. 824]). We therefore decide that the point that there was a variance between charge and proof was waived.

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.