[Civ. Nos. 5979 and 5980. Second Appellate District, Division Two.—March 5, 1928.]

CHARLES GILLIS, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY et al., Respondents.

D. G. Wettlin and O. A. Jacobs for Petitioner.

Z. B. West, Jr., District Attorney, and S. B. Kauffman, Deputy District Attorney, for Respondents.

CRAIG, J.—On November 16, 1927, the petitioner herein was held by a justice of the peace of Santa Ana township, in the county of Orange, to answer before the Superior Court of said county upon two separate charges of high misdemeanor, to wit, the selling of intoxicating liquor after prior conviction of a similar offense. Informations were not filed in the Superior Court until December 7, 1927. On the date of arraignment in each case, which was December 16th, demurrers to the respective informations, and motions to dismiss the actions, were filed, based upon the ground that, since the informations were not filed within fifteen days after the defendant was examined and committed by the justice of the peace, as required by section 809 of the Penal

Code (as amended by Stats. 1927, p. 1045), the Superior Court was without jurisdiction to hear or entertain any proceedings, in either case, except the motions for dismissal. The trial court overruled petitioner's demurrers, and denied both motions, setting December 23, 1927, as the date to plead, and upon which latter date the petitioner appeared in person and with his counsel, pleaded guilty to the charge of prior conviction, and not guilty to the offenses constituting the bases of the informations. January 10, 1928, was set as the date of trial, and this is an original proceeding in prohibition, founded upon the same ground as that assigned upon the motions below for dismissal, praying that the Superior Court be restrained from trying the defendant for the alleged misdemeanors.

Section 809 of the Penal Code reads as follows:

"When a defendant has been examined and committed, as provided in section 872 of this code, it shall be the duty of the district attorney, within fifteen days thereafter, to file in the superior court of the county in which the offense is triable an information charging the defendant with such offenses. . . . "

The petitioner relies entirely upon the foregoing section and subdivision 1 of section 1382 of the Penal Code, which reads as follows:

"When a person has been held to answer for a public offense, if an indictment is not found or an information filed against him, within thirty days thereafter" the court, unless good cause to the contrary is shown, must order the prosecution dismissed. He cites *Ex parte Fowler,* 5 Cal. App. 549, 555 [90 Pac. 958], which refers to *In re Begerow,* 133 Cal. 349 [85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828], and in which former case it was stated that the Superior Court acquired no jurisdiction by the filing of an information more than thirty days after examination and commitment.

Although the language in *Ex parte Fowler* is not free from ambiguity, the net result of what is said is that subdivision 1 of section 1382 of the Penal Code is mandatory, and this holding is based upon the opinion in *In re Begerow, supra,* where it is held that subdivision 2 of section 1382 is mandatory. Neither case passes upon the question here involved, that is, whether section 809 is to be regarded as mandatory.

The latter section was amended in 1927, prior to which time the district attorney was required to file an information within thirty days after the defendant had been committed. Now reading section 809 and subdivision 1 of section 1382 of the Penal Code together, we have this provision: That it is "the duty of the district attorney" to file an information within fifteen days after the defendant has been committed, and that if such information is not filed within thirty days after such commitment, unless good cause to the contrary is shown, the court must order the prosecution dismissed. As the law thus reads, it can hardly be doubted that the part contained in section 809 is directory, otherwise section 1382 would also have been amended so as to provide for dismissal within fifteen days after commitment if the information should not be filed within that time. It may be that but for an oversight the legislature would have amended section 1382 so as to make it conform in this particular to section 809, but as to that matter we have no such evidence as would justify the court in digressing from the application of the usual rules of statutory interpretation. The principal reason to surmise that such an error might have occurred is that a clear intention is shown in a number of amendments to the Penal Code enacted concurrently with the amendment of 1927 to section 809 of the Penal Code, to compel more speed in the functioning of criminal procedure. However, it might also well be reasoned that the difference in the provisions of these two sections may have resulted from a deliberate purpose, for the legislature may have been willing to aid in speeding up trials by making it the duty of the district attorney to file informations within a shorter time after commitment than before, and yet not have believed it wise to go so far in that regard as to compel the dismissal of a prosecution, and thus perhaps release a criminal, because the district attorney might not have proceeded as promptly as directed by section 809 of the Penal Code. However, it is certain that the mandate of the provisions of the Penal Code now under consideration is to be found in section 1382. The teeth of this law have been written into it, and by it thirty days are still permitted for filing an information after commitment and before the courts are commanded to dismiss the prosecution.

Although we conclude that a failure on the part of the district attorney to comply with section 809 does not result in a loss of jurisdiction to continue the prosecution, nevertheless the terms of this section are unmistakable. Its purpose is to hasten the disposition of criminal cases, and thus to procure more exact administration of justice and greater protection; and unless good cause exists for delay in the filing of an information, to fail to do so within the fifteen-day period prescribed is in any case a clear neglect of the official duty. As to whether or not such cause for delay is present in this instance, we are not called upon or in a position to determine, but in view of the evident purpose of the legislature in the recent amendment of section 809, and other provisions of the Penal Code, the definiteness of the official duty therein announced and the importance of its performance cannot be too forcibly stressed.

Respondents urge other grounds upon which they contend that the petition should be denied, but we think it unnecessary to discuss or express an opinion upon them.

For the reasons stated, the alternative writ is discharged, and the application for a peremptory writ of prohibition is denied.

Works, P. J., and Thompson, J., concurred.