[Crim. No. 1578. Second Appellate District, Division Two.— April 5, 1928.]

THE PEOPLE, Respondent, v. J. E. HEELEY, Appellant.

Mozley & Clarkson for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

WORKS, P. J.—Defendant was convicted upon a criminal charge and appeals from the judgment and from an order of the trial court denying his motion for a new trial.

The only point made by appellant is that the trial court erred in denying a motion to dismiss the information under which he was prosecuted, on the ground that it was not filed within fifteen days after he was committed by the magistrate who conducted his preliminary examination. This exact question has been decided by us lately in the proceeding entitled *Gillis* v. *Superior Court*, 89 Cal. App. 687 [265 Pac. 360], the opinion in which has not yet become final. We there said:

"Section 809 of the Penal Code reads as follows:

" 'When a defendant has been examined and committed, as provided in section 872 of this code, it shall be the duty

of the district attorney, within fifteen days thereafter, to file in the superior court of the county in which the offense is triable an information charging the defendant with such offenses . . . '

"The petitioner relies entirely upon the foregoing section, and subdivision 1 of section 1382 of the Penal Code, which reads as follows:

" 'When a person has been held to answer for a public offense, if an indictment is not found or an information filed against him, within thirty days thereafter,' the court, unless good cause to the contrary is shown, must order the prosecution dismissed. He cites *Ex parte Fowler*, 5 Cal. App. 549, 555 [90 Pac. 958], which refers to *In re Begerow*, 133 Cal. 349 [85 Am. St. Rep. 178, 56 L. R. A. 513, 65 Pac. 828], and in which former case it was stated that the superior court acquired no jurisdiction by the filing of an information more than thirty days after examination and commitment.

"Although the language in *Ex parte Fowler* is not free from ambiguity, the net result of what is said is that subdivision 1 of section 1382 of the Penal Code is mandatory, and this holding is based upon the opinion in *In re Begerow*, where it is held that subdivision 2 of section 1382 is mandatory. Neither case passes upon the question here involved, that is, whether section 809 is to be regarded as mandatory. The latter section was amended in 1927, prior to which time the district attorney was required to file an information within thirty days after the defendant had been committed. Now, reading section 809 and subdivision 1 of section 1382 of the Penal Code together, we have this provision: That it is 'the duty of the district attorney' to file an information within fifteen days after the defendant has been committed, and that if such information is not filed within thirty days after such commitment, unless good cause to the contrary is shown, the court must order the prosecution dismissed. As the law thus reads, it can hardly be doubted that the part contained in section 809 is directory, otherwise section 1382 would also have been amended so as to provide for dismissal within fifteen days after commitment if the information should not be filed within that time. It may be that but for an oversight the legislature would have amended section 1382 so as to make it conform in this particular to

section 809, but as to that matter we have no such evidence as would justify the court in digressing from the application of the usual rules of statutory interpretation. The principal reason to surmise that such an error might have occurred is that a clear intention is shown in a number of amendments to the Penal Code, enacted concurrently with the amendment of 1927 to section 809 of the Penal Code, to compel more speed in the functioning of criminal procedure. However, it might also well be reasoned that the difference in the provisions of these two sections may have resulted from a deliberate purpose, for the legislature may have been willing to aid in speeding up trials by making it the duty of the district attorney to file informations within a shorter time after commitment than before, and yet not have believed it wise to go so far in that regard as to compel the dismissal of a prosecution, and thus, perhaps, release a criminal because the district attorney might have not proceeded as promptly as directed by section 809 of the Penal Code. However, it is certain that the mandate of the provisions of the Penal Code now under consideration is to be found in section 1382. The teeth of this law have been written into it, and by it thirty days are still permitted for filing an information after commitment and before the courts are commanded to dismiss the prosecution.''

Nothing is presented by appellant in his brief which affects the conclusion reached by us in *Gillis* v. *Superior Court.*

Judgment and order affirmed.

Craig, J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 30, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1928.

All the Justices concurred.