[Crim. No. 94. Fourth Appellate District.—February 20, 1934.]

THE PEOPLE, Respondent, v. CARMEN ABILA, Appellant.

Theodore Gottsdanker for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendant was charged with violation of section 141 of the California Vehicle Act. This section provides that the driver of any vehicle involved in an accident resulting in injury or death, who fails to stop and render aid, is guilty of a felony. He was tried before the court without a jury and has appealed from the judgment of conviction.

The court minutes contained in the clerk's transcript show that a trial by jury was waived by defendant. The trial court, by a *nunc pro tunc* order, corrected the minutes to show the true fact that the trial by jury was waived in open court by defendant and his counsel. The attorney-general has presented a certified copy of this order and moved for a diminution of the record by its inclusion therein. As it is the inherent right and power of a court to cause its records to correctly state the proceedings had (*People* v. *Ward,* 141 Cal. 628 [75 Pac. 306]), the motion for diminution of the record is granted and the certified copy of the *nunc pro tunc* order of the trial court correcting its minutes is ordered filed.

Defendant urges three grounds for a reversal of the judgment. First, that the evidence is not sufficient to sustain the judgment; second, that defendant was denied a trial by jury; and third, that there was a material variance between the allegations of the information and the proof as to the identity of the person struck by defendant's automobile. The second contention has been disposed of by our order of diminution of the record.

Defendant urges that as no witness testified that he drove the automobile at the time of the collision the evidence is insufficient to support the judgment. We have examined the record and find ample evidence to support the judgment. At about 7:30 o'clock on the evening of October 1, 1933, Sophia Sanchez and her husband were walking on highway No. 101 near the town of San Juan Capistrano when Mrs. Sanchez was struck by a "model A" Ford coupe, the driver of which did not stop, but continued on his way. No witness identified the driver of this car, but the following evidence is ample to support the conclusion that the automobile was being driven by defendant at the time of the accident.

Defendant owned a "model A" Ford coupe. On the day in question he drove his coupe, with Joe Briziana as a passenger, to a dance south of San Juan Capistrano a short time before the accident. Briziana remained at the dance and defendant drove toward highway No. 101. No other person was in the car. Shortly after the accident defendant was found intoxicated in a house in San Juan Capistrano, his car was parked on the premises and there was a dent in its right front fender. He admitted his car had been in a collision at about the time of the accident here in question, but claimed it was being driven by Joe Briziana and that the collision had occurred in a part of the town of San Juan Capistrano other than the place of the accident in question here. Defendant on two occasions offered to pay all of the expenses of Sophia Sanchez resulting from the accident if nothing be said about it.

 The information charged that defendant drove his automobile on a public highway and struck Sophia Parra. The evidence showed that the person struck was Sophia Sanchez with the exception that two witnesses answered questions in which she was named Sophia Sanchez or Sophia Parra. No objection was made in the trial court that there was any variance between the allegations and the proof. In *People* v. *Gonzales*, 69 Cal. App. 609 [231 Pac. 1014, 1015], it is said: "It is insisted that the judgment should be reversed for the reason that the charge was that the defendants attempted to rob T. Tschanz, while the evidence shows that the name of their victim was Simon Tschanz. This variance appears from the record, it is true, and if we concede without deciding that it was a material variance, we at once observe that no objection was made at the trial to any of the evidence on the ground of variance, nor in fact was the point in any manner presented at the trial, or on motion for a new trial. It has been determined, under a statute to the effect that only questions presented at the trial can be reviewed on appeal, that the claim made in a criminal case that there was a variance between charge and proof cannot first be presented to the appellate court (*State* v. *Padilla*, 18 N. M. 573 [139 Pac. 143]), and in this state it has been held many times that the point that there is a variance between pleading and proof in civil cases cannot first be made on appeal (*Stockton C. H. & A.*

*Works* v. *Glens Falls Ins. Co.,* 121 Cal. 167 [53 Pac. 565]; *Robson* v. *O'Toole,* 60 Cal. App. 710 [214 Pac. 278]). In the opinions in the two cases cited, and in many others referred to in them, the reason given for the rule in civil cases is that an amendment of pleadings may be allowed and justice thus be done if the point be made in the trial court. There appears to be an equally cogent reason for the application of the principle in criminal cases. If the question be raised in the trial court the pending charges may be dismissed and a new indictment be found, or a new information be filed, thus aiding the administration of substantial justice and wiping out what are sometimes exceedingly technical defenses. It is to be remembered, too, that the general rule is that courts of review pass only upon questions presented at the trial. This rule has often been applied in criminal as well as in civil cases (*People* v. *Taminago,* 35 Cal. App. 238 [169 Pac. 696]; *People* v. *Walton,* 53 Cal. App. 35 [199 Pac. 824]). We therefore decide that the point that there was a variance between charge and proof was waived.''

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.