[Crim. No. 2143.   Third Dist.   Apr. 14, 1950.]

THE PEOPLE, Respondent, v. WILLIS L. GANGER,
Appellant.

Floyd Merrill for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader,
Deputy Attorney General, for Respondent.

ADAMS, P. J.—Appellant was convicted in Siskiyou County
of escaping from the county jail on July 4, 1946, while con-
fined therein under a commitment dated May 24, 1946, issued
by a magistrate holding him to answer upon a charge of bur-
glary.   This appeal was taken from the judgment which fol-
lowed conviction by a jury.   No motion for a new trial was
made.

The evidence shows that after defendant's escape he went

to Oregon, thence to Washington where he was retaken and returned to Siskiyou County.

Appellant urges, as ground for reversal of the judgment, that: (1) he was illegally confined in the Siskiyou County jail at the time of his escape; (2) that on his trial it was not shown that he had been given a hearing before a magistrate as provided by section 859 of the Penal Code; (3) that there was no showing that the committing magistrate had jurisdiction of the offense with which he was charged, to wit: burglary, or that he was vested with any authority as a committing magistrate; (4) that departure from an unlawful imprisonment or custody is not an escape within the meaning of the law; and (5) that there was no showing that any extradition proceedings were taken for the return of defendant to California from Washington.

The illegality of appellant's imprisonment at the time of his escape is urged upon the ground that he was committed to the custody of the sheriff on May 24, 1946, and his escape was not made until July 4, 1946, more than 15 days after the commitment, and that there was no showing made by the prosecution that within those 15 days any information had been filed in the superior court charging him with burglary; that, under section 809 of the Penal Code, it was mandatory that such information be so filed, and in the absence of such action his detention when he made his escape was illegal.

Section 809, *supra*, does provide that when a defendant has been examined and committed it shall be the duty of the district attorney, within 15 days thereafter, to file an information in the superior court of the county charging the defendant with such offense. And section 1382 of the Penal Code provides that when such an information is not so filed, *the court, unless good cause to the contrary is shown*, must order the prosecution to be dismissed. However, in *People* v. *Heeley*, 90 Cal.App. 654, 655 [266 P. 555] (hearing in Supreme Court denied), it was held that section 809 is not mandatory; that the fact that an information is not filed within 15 days after commitment does not operate as an automatic dismissal of the charge; that while under section 1382 a defendant then *becomes subject to dismissal by the superior court*, an order by such court is necessary to effect such dismissal; *that it is the duty* of a defendant to move that court for same; and that the court shall do so "unless good cause to the contrary is shown."

In *People* v. *Newell*, 192 Cal. 659, 669 [221 P. 622], the

court said that unless application was made to the superior court for such dismissal before the trial, the right was waived. Also see *People* v. *Scott*, 74 Cal.App.2d 782, 783 [169 P.2d 970], holding that the benefits conferred by section 1382 may be waived by failure to claim them at the proper time. Also see *People* v. *Mitsunaga*, 91 Cal.App. 298, 303 [266 P. 1020] ; *Ex parte Apakean*, 63 Cal.App. 438, 439 [218 P. 767]. The same rule appears to be applied elsewhere, that is, if a defendant has reason to believe that his imprisonment is illegal he must apply for his release and not take it upon himself to terminate his incarceration by escaping. In *Whitaker* v. *Commonwealth*, 188 Ky. 95 [221 S.W. 215, 216, 10 A.L.R. 145, 146], the court said that whatever his legal rights, defendant had his legal remedy; that he was not justified in leaving the jail of his own volition, and his departure from lawful custody before his discharge by process of law was an escape. In *State* v. *Davis*, 14 Nev. 439 [33 Am.Rep. 563, 564], it was said that a person confined by the law should be delivered by the law, and that no other means were justified. Also see *State* v. *Clark*, 32 Nev. 145 [104 P. 593, Ann.Cas. 1912C 754] ; *Aderhold* v. *Soileau*, 67 F.2d 259, 260; *United States* v. *Jerome*, 130 F.2d 514, 519 (cert. den. 317 U.S. 606 [63 S.Ct. 62, 87 L.Ed. 492]) ; 21 C.J. 826; 30 C.J.S. 1142.

Defendant relies upon *People* v. *Ah Teung*, 92 Cal. 421 [28 P. 577, 15 L.R.A. 190] ; but that case was different in that there was no process by which the prisoner could be imprisoned, while here a commitment was issued by a committing magistrate. Furthermore, the Ah Teung opinion states, page 425, that when one has been confined in a prison by authority or command, it is his duty to submit until delivered by due course of law.

Scrutiny of the record of the trial reveals no efforts on the part of defendant to secure his release by order of court, and it shows that the commitment issued by the magistrate was received in evidence without objection by defendant, and that he made no claim that his imprisonment was illegal, defending on the sole ground that he had left the jail only because his fellow prisoner, one Cooper, had compelled him to do so by use of a gun. It is apparent, then, that the grounds which appellant urges for reversal of the judgment are being raised for the first time on appeal, and are therefore not entitled to consideration here. (*People* v. *Taminago*, 35 Cal. App. 238, 240 [169 P. 696] (hearing in Supreme Court de-

14

nied); *People* v. *Smith,* 96 Cal.App. 373, 380 [274 P. 451]; *Shriver* v. *Silva,* 65 Cal.App.2d 753, 768 [151 P.2d 528]; *Downing* v. *Silberstein,* 89 Cal.App.2d 838, 844 [202 P.2d 91] (hearing in Supreme Court denied); *People* v. *Perrin,* 67 Cal.App. 612, 615 [227 P. 924]; *People* v. *Gonzales,* 69 Cal. App. 609, 613 [231 P. 1014]; *People* v. *Walton,* 53 Cal.App. 35, 37 [199 P. 824].

The judgment is affirmed.

Van Dyke, J., concurred.

PEEK, J.—I concur in the conclusion reached in the majority opinion, but for the reasons stated in my dissent in *People* v. *Hinze, ante,* p. 8 [217 P.2d 35], I cannot agree with that portion of the opinion wherein the case of *People* v. *Ah Teung,* 92 Cal. 421 [28 P. 577, 15 L.R.A. 190] is discussed.