[Crim. No. 695.   Fourth Dist.   Feb. 15, 1951.]

THE PEOPLE, Respondent, v. CHARLES W. EVANS,
Appellant.

Charles W. Evans, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and William E. James,
Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant pleaded guilty to counts in an
information numbered one to seven, inclusive, charging a
violation of section 470 of the Penal Code, and counts eight
to ten inclusive, charging a violation of section 476a of the
Penal Code.   He was sentenced to state prison, sentence to
run concurrently on all counts excepting count six, which
was to run consecutively with count five.

Defendant was apprehended in Oklahoma.   The record
shows that when arraigned for plea, he was asked if he was
represented by an attorney and if he desired the court to
appoint an attorney for him.   After some discussion he stated
he would like to have one, but if the court would "turn it
over to the probation officer right" now, he "would like it

that way'' and he would ''proceed without an attorney.'' After the reading of each count of the information in detail he was asked if he pleaded guilty or not guilty. To each count he entered a plea of guilty. Subsequently, the probation officer's report was received which indicated that defendant had passed several checks in Oklahoma and that the authorities there had a ''hold'' on him. Defendant endeavored to make partial restitution of those checks so the ''hold'' would be released. He consulted an attorney who advised him to ''go ahead and take sentence'' and ''he would help me later on'' with the Oklahoma charges.

After consideration of the probation officer's report defendant was duly arraigned for judgment. He expressed a desire to pay off the checks involved, which offer was not considered. Defendant made no further request for the appointment of counsel. Probation was denied. The defendant stated in open court that he had no legal cause to show why judgment should not be pronounced. Judgment was accordingly pronounced. Defendant appealed from the judgment and from a purported order denying a motion for new trial. Since there is no record of any such motion or order the attempted appeal therefrom must be dismissed.

The main argument presented on this appeal is that defendant entered a plea of guilty to the charges because of alleged statements made by an officer who returned him from Oklahoma, which statements he said were threatening and amounted to a promise by the officer that if defendant would plead guilty he would receive only a county jail sentence. No mention was made in the trial court of this charge. The first time this claim is made is in defendant's opening brief, which is unverified. ▪ On appeal from a judgment, matters raised in the brief, which appear to be merely unsworn statements of the defendant as to certain purported facts in the case, which purported facts were not before presented to the trial court for consideration, cannot be considered on appeal. (*People* v. *Gilpin*, 38 Cal.App.2d 24, 26 [100 P.2d 356].)

The next argument is subject to the same disposition. Defendant, in his brief, makes certain vague claims about his being ''forced'' to protect another ''party'' or ''partner in crime.'' He complains because the prosecution failed to call in this other ''party,'' and that accordingly the defendant

was prejudiced because the testimony of such person would have caused the trial court to "release" defendant, citing section 31 Penal Code. Defendant therein failed to name such "partner in crime." Apparently the prosecution had no previous knowledge of such a "partner." Just why the production of such "partner" would have vindicated defendant is not shown. Courts of review may only pass upon questions properly raised at the trial. (*People* v. *Abila*, 137 Cal.App. 26, 29 [29 P.2d 796].)

The last contention is that defendant was permitted to enter a plea of guilty without assistance of counsel and was accordingly denied "due process of law." A recitation of the facts disclosed by the record does not show that defendant was denied a right to counsel or a right to have counsel appointed for him. The matter of obtaining counsel for defendent was fairly presented to him, and according to the only record before us he freely chose to proceed without the aid of counsel. ▮▮▮ The unverified statement in defendant's brief that he was denied the privilege of counsel by reason of some claimed false inducement, not disclosed by the record, is insufficient to present that question for consideration on appeal from the judgment. (*People* v. *Taminago*, 35 Cal.App. 238, 240 [169 P. 696].)

Defendant failed to move to set aside the information and to enter a different plea, either before or after pronouncement of judgment. Under the record before us this court is in no position to disturb the judgment of the trial court.

The attempted appeal from the order denying a new trial is dismissed. Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.