Roy CUTTER, Appellant,

v.

W. Jess BUCHANAN, Warden, State Prison, Eddyville, Ky., Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1956.

Roy Cutter, pro se.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appeal is by Roy Cutter from a judgment dismissing his petition for habeas corpus. The appellant is imprisoned in the Eddyville penitentiary under a judgment of the Oldham Circuit Court convicting him of escaping as a prisoner ·confined in the reformatory located in that county.

Waiving technical deficiencies in the petition, including a failure to file a copy of the judgment of conviction, we decide the case, as did the circuit judge, on the mere statements of the petition. In substance, the allegations are that the petitioner was a trusty committed to the reformatory but was being kept in a prison compound near Danville in Boyle County. When he left there he was looking after dairy cattle in a pasture, was not under guard and was "working as a free man and trusty and he could walk away when he pleased." We assume that his work was at the Kentucky Hospital, a state mental institution located in Boyle County.

The petitioner pleads (1) that under such conditions he could not be guilty of escape from prison, and (2) in any event the Oldham Circuit Court had no jurisdiction to try him.

KRS 432.390 reads: "(1) Any person convicted of a crime who, while serving a sentence of imprisonment in the penitentiary, escapes from the penitentiary or wherever he may be confined, or flees from whatever bounds he may be assigned, whether under guard or as a trusty, shall be further confined to the penitentiary for not less than three nor more than six years, to commence after he has served out the sentence for which he was originally confined." This expressly includes a prison trusty under the circumstances described by the petitioner.

KRS 432.390(3) provides that "the circuit court of the county in which the convict was confined, or of the county from which he was sent out under assignment to work, shall have jurisdiction."

Sec. 18 of the Criminal Code of Practice reads: "The local jurisdiction of circuit courts and justices' courts shall be of offenses committed within the respective counties in which they are held." Of course, a circuit court has no jurisdiction to punish an offense committed in another county in the absence of a change of venue thereto. Commonwealth v. Ward, 185 Ky. 295, 215 S.W. 31.

A prisoner who has been favored by being made a trusty and given a degree

**904**

of liberty by employment outside prison walls is still in lawful control and custody. 30 C.J.S., Escape, § 5. The use of force or violence is not a necessary element of an escape unless by statute force or bribery are made essential elements. Whitaker v. Commonwealth, 188 Ky. 95, 221 S.W. 215, 10 A.L.R. 145. That case is quite a famous one for Whitaker had been committed to the jail of the county of which he was jailer. He used his own keys to unlock the door, walked out and went visiting. His conviction of escape was sustained.

■■■■■ This appellant was, at the time he walked away or escaped, constructively "confined" in the reformatory located in Oldham County, and it was from that county "he was sent out under assignment." We think it is clear that the Oldham Circuit Court had jurisdiction to try the appellant for escape.

Therefore, the judgment denying him a writ of habeas corpus should be and it is

Affirmed.