Commonwealth ex rel. Brogan v. Banmiller

*Earl A. Brogan,* p.p., for petitioner.

*Lawrence M. Aglow, Juanita K. Stout* and *James N. Lafferty,* Assistant District Attorneys, and *Victor H. Blanc,* District Attorney, for defendant.

SLOANE, J., August 28, 1957.—Relator, a prisoner in Eastern State Penitentiary, petitioned this court for a writ of habeas corpus. He was convicted with two others by a jury before Carroll, J., on bills of indictment charging burglary of an automobile, larceny, robbery, unlawfully carrying firearms without a license and conspiracy. He received a judgment of sentence.

Relator assigns various grounds of error in the trial, which, he alleges, have resulted in an abridgement of his civil liberties, as guaranteed by the Federal and State Constitutions.

It is axiomatic that habeas corpus can never serve as substitute for an appeal: Commonwealth ex rel. Carey v. Montgomery County Prison Keeper, 370 Pa. 604, cert. den. 344 U. S. 845; Commonwealth ex rel. Smith v. Ashe, 364 Pa. 93.

This principle is dispositive of the petition under consideration. Assuming all relator's allegations to be sound, his petition still must be denied by this court, since he seeks the invocation of this writ on grounds which must be traversed through the regular avenues of appeal.

1. Relator complains of a variance between the allegations of the bill of indictment, and the proof as to the identity of the robbery victim. The indictment charged robbery of Joseph Mastronardo; the proof showed the victim to be Lucy, his wife. Relator did not object to this at trial. By his silence, he waived even his right to appeal, let alone petition for habeas corpus:

Commonwealth ex rel. Tyson v. Day, 181 Pa. Superior Ct. 259, cert. den. 353 U. S. 951; People v. Abila, 137 Cal. App. 26, 29 P. 2d 796.

2. Relator questions the ability of witness Lucy Mastronardo to identify him as "the gunman." Again, this is untimely. The writ of habeas corpus is not afforded its proper usage in reëxamining facts which should be and were passed on by the jury: Commonwealth ex rel. Geiger v. Burke, 371 Pa. 232; Commonwealth ex rel. Smilley v. Claudy, 172 Pa. Superior Ct. 247.

3, 4. Two complaints are leveled against the trial court.

Relator claims prejudice in that the court did not properly instruct the jury on the law of the case. Assuming this were true, the defect would not be remediable through writ of habeas corpus. Complaints as to the charge are made by appeal, and not through habeas corpus: Commonwealth ex rel. Sharpe v. Burke, 174 Pa. Superior Ct. 350.

Error is averred in the court's alleged refusal to allow relator to say something before he passed sentence. The record does not show refusal but possibly omission. Petitioner claims this omission vitiates the sentence: McCue v. Commonwealth, 78 Pa. 185; Commonwealth v. Preston, 188 Pa. 429; cf. Commonwealth v. Weiss, 284 Pa. 105, 112. These were capital cases. The requirement that the accused must be afforded an opportunity to speak prior to the passing of sentence has not been extended beyond the crime of murder. We do not think the trial judge erred in this respect, but even if it was error, it did not harm defendant.

5. Relator contends that his sentence was excessive. Since he was convicted of burglary, larceny, robbery, conspiracy and unlawfully carrying a firearm without a license, he was subject to a sentence greater than the

10-20 years which was imposed on him. The sentence was therefore legal.

6. Finally, relator assigns error in the district attorney's alleged improper remarks in his opening address by his allusion to crimes allegedly committed by a codefendant prior to the date of the crime for which relator is imprisoned. It is unnecessary for us to decide the question, since it was incumbent on relator to move for the withdrawal of a juror and appeal from an adverse ruling on this motion. Relator, by his silence, has lost his chance to complain of the remarks through habeas corpus.

The writ of habeas corpus was denied.