## THE STATE vs. WILLIAM MURRAY & al.

A conspiracy to commit a misdemeanor is not merged in the commission of it.

An informality in the process of commitment of a prisoner is no justification for breaking the prison to effect an escape.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The nature of the indictment will be found in the opinion of this Court. At the trial, the counsel for the respondents contended, that the facts set forth in the indictment, if found to be true, did not constitute a conspiracy, but the crime of prison breach, and requested the Judge so to instruct the jury; but the Judge instructed the jury, that if they found the facts set forth in the indictment to be true, they would return a verdict of guilty. The County Attorney, for the purpose of showing that *Alexander*, one of the respondents, was lawfully in prison at the time, introduced a copy of the assessors' warrant, and collector's return, by virtue of which the commitment was made, which was objected to by the counsel for the respondents, but was admitted. This copy does not appear in the exceptions. To show that *W. Murray* was lawfully imprisoned, the County Attorney called *Isaac Hodsdon*, the former clerk of the Court, who testified, that his records were not then made up, but that from his minutes it appeared, that *Murray* had been convicted at a former term of the Court, of the crime of larceny, and that judgment was suspended until the next term, and *Murray* ordered by the Court to recognize for his appearance, and on his refusal, was committed to prison by order of the Court, but no mittimus was made out and left with the prison keeper. This evidence was objected to in behalf of the respondents, who contended that it did not show, that *Murray* was lawfully in prison. The Judge admitted the evidence, and ruled that no mittimus was necessary under the circumstances. The jury found all the respondents guilty, and they filed exceptions.

*J. Appleton* and *Cooley* for the respondents. The objections made by them to the conviction, will be found in the opinion of the Court. They cited *Arch. Crim. Pleading.* 254; 1 *Chitty's Cr. Law*, 138; 13 *East*, 228; *Commonwealth* v. *Kingsbury*, 5 *Mass*,

*R.* 106; 9 *Cowen,* 578; *St.* of 1821, *c.* 116, § 52; *Am. Jurist, No.* 33, 175, citing *Wright's R.* ; 1 *Chitty's Cr. Law,* 89; *St.* of 1821, *c.* 64; *Randall* v. *Bridge,* 2 *Mass. R.* 552.

*Clifford,* Attorney General, for the State, contended, that if either of the respondents was lawfully imprisoned, it was sufficient. The authorities cited on this subject for the respondents apply only to commitments by magistrates. Where the commitment is by order of court, no mittimus is necessary. 2 *Hale's P. C.* 122; 1 *Hale's P. C.* 583, 610. No objection appears in the exceptions to the legality of the imprisonment of but two of the number, and the question is not open, as to the others. The objection however now raised, that the fees of commitment are not taxed, is only for the benefit of the party, as the officer is entitled to none where none are certified, and wholly groundless, as the taxation of illegal fees would not justify the acts of the respondents.

The indictment is good. This is an offence of itself, and is of the same grade of offences, as prison breach, and is not merged in it. The principle is, that where there is a conspiracy to commit a higher offence, and the offence is actually committed, the conspiracy is merged; but where both are of the same grade, there is no merger. 1 *Hawk. ch.* 21, § 15; 16 *East,* 362; 2 *Shower,* 1; 1 *Saund.* 300; 4 *T. R.* 285; 2 *Ld. Raym.* 65; 3 *Burr.* 1320; 1 *Ld. Raym.* 711; 2 *Russell on Cr.* 267; 3 *Chitty's Cr. Law,* 1150; 4 *Wend.* 229; 7 *Conn. R.* 54; *Commonwealth* v. *Judd,* 2 *Mass. R.* 329; *Commonwealth* v. *Tibbetts, ib.* 536; *Commonwealth* v. *Warren,* 6 *Mass. R.* 74; *Commonwealth* v. *Davis,* 9 *Mass. R.* 415; 3 *Sergt. & R.* 220; 7 *Sergt. & R.* 460; 3 *Burr.* 1221; 6 *T. R.* 636; 2 *Russel on Cr.* 556.

The opinion of the Court, after a continuance for advisement, was prepared by

EMERY J. — This comes before us on exceptions to the ruling and charge of the Court of Common Pleas. There are three counts in the indictment. The first charging that *Wm. Murray, David Terry, Charles Burlingham, James Alexander, Thomas H. Marten,* on the first of *April,* 1837, were persons lawfully confined in the county jail in *Bangor,* and then and there lawfully detained in the custody of the keeper of said prison, by divers legal pro-

cesses then in force against them, and that *Silas P. Murray*, on said fifth day of *April*, was not a prisoner in said jail. And that they all intending to break down and destroy a part of the floor and walls of the said jail, and thereby unlawfully to effect the escape of the said *William Murray*, *David Terry*, *Charles Burlingham*, and *James Alexander*, then lawfully confined in that prison in the custody of the keeper, did conspire to break down and destroy the floors and walls of the jail, and thereby effect the escape of those four; and in pursuance of this conspiracy, did unlawfully break down and destroy the floor and walls of said jail. 2d. Count. That intending to effect the escape of said *William*, *David*, *Charles* and *James*, did unlawfully conspire to effect their escape and did so in pursuance of the conspiracy. 3d. That they did conspire to injure and destroy the jail; and said *William*, *David*, *Charles*, *James*, *Thomas H.* and *Silas P.* in pursuance of the conspiracy, did unlawfully injure and destroy the jail.

It is objected first, that the indictment is bad, as it contains in each count a charge of two crimes. That it does not describe the crime with sufficient certainty, and one would not know whether he was to be tried for prison breach, or a conspiracy, and could not plead a conviction in bar of another prosecution. That a conspiracy to break jail is a mere civil trespass, and without prison breach to make escape, is not crime, and cites 13 *East*, 228. An indictment will not lie for conspiracy to commit a civil trespass upon property by agreeing to go, and by going, into a preserve for hares, the property of another, for the purpose of snaring them, although alleged to be done in the night time by the defendants, armed with offensive weapons for the purpose of opposing resistance to every endeavor to apprehend and obstruct them. That a conspiracy to commit a felony is merged in the felony. *Commonwealth* v. *Kingsbury & al. 5 Mass. R.* 106. That a conspiracy to commit a misdemeanor is a misdemeanor, and so is merged.

And the counsel enquires if the whole object will not be attained by punishing for prison breach, without the conspiracy, and he urged that all the previous acts are absorbed in the prison breach. It is also insisted, that *Alexander* was not lawfully in prison, because the legal fees were not certified.

Objection was also made to *Hodsdon's* testimony as to the cause for which *Burlingham* was imprisoned, and *Wright's R.* 208, cited. That entry on back of papers is no evidence. There should be records.

Whatever objection might have arisen on the writ of *habeas corpus* to bring up the body of *Murray*, we do not admit, that the parties could be justified in resort to the breach of prison to effect an escape. People are not to be encouraged in demolishing the prisons of the county, to obtain the liberation of prisoners, who are presumed to be lawfully in custody, till the cause of their commitment is regularly certified to the constituted authorities in the way pointed out by law. We overrule that objection.

Still less weight results from the circumstance that the fees were not certified in the case of *Alexander*. If there were no fees certified, none would be demanded for his liberation. If they were charged incorrectly and demanded and received, another remedy of a more peaceable character might be pursued. It is a rule, that a defendant in one count in an indictment is not to be charged with having committed two or more offences, as murder, robbery, or the like. But in cases of treason and conspiracy, overt acts are laid merely as evidence of the principal charges. And so we consider, that the principal charge here, is the conspiracy to effect the escape of the prisoners, and the breaking of the floors and walls of the prison are introduced as evidence of the consummation of the project. We do not apprehend that the doctrine of merger of a misdemeanor in a felony can justly apply to this case. No felony is charged, and we cannot extend it to misdemeanors.

In our examination of the exceptions, we are unable to discover satisfactory reasons for sustaining them. They are therefore overruled.