THE STATE v. JOHNSON, *Plaintiff in Error.*

1. **Criminal Law :** INDICTMENT : STATUTE. As a general rule, an indictment based upon a statute will be sufficient if it employs the phraseology of the statute in charging the offence.

2. ———— : ———— : FORCIBLE ATTEMPT TO ESCAPE FROM PENITENTIARY. An indictment for an attempt to escape from the penitentiary by force, based upon Revised Statutes, section 1456, need not set out the particular felony for which the defendant was imprisoned at the time of the attempted escape.

3. ———— : ———— : USE OF INITIALS. An indictment is not bad because of the use of initials instead of the Christian, or baptismal, name of the defendant without excuse being given for failure in such particular. (R. S., sec. 1821).

4. ——— : ——— : ——— : PRACTICE. A plea of guilty, of necessity, admits the correctness of initials and surname used in the indictment to designate the defendant. If incorrectly designated, he could have pleaded in abatement, but, after verdict, or plea of guilty, it is too late to raise the point.

*Error to Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Geo. T. White* for plaintiff in error.

The indictment did not sufficiently allege that defendant 'was lawfully confined in the penitentiary. It does not set out the full name of defendant. It was not sufficient to use the initials of his given name without giving any reason why the full name was omitted.

*B. G. Boone,* Attorney General, for the state.

(1) [*a*] The crime of a breach of prison was a felony at the common law. In an indictment therefor, it was necessary, not only to state the actual breaking, and that the defendant was lawfully in prison, but, also, the nature and cause of such imprisonment. 1 Hale's P. C. 606; 1 Russ. on Cr. (9 Am. Ed.) 595. (*b*) The crime charged in the indictment is for an attempt to escape from the penitentiary by force. Attempts to break prison, or escape by force, are statutory crimes, and the particularity necessary in an indictment for a breach of prison is not required. It is sufficient if the offence is charged in the substantial language of the statute creating it. *State v. Adcock,* 65 Mo. 590; *State v. Stogdale,* 67 Mo. 630; *State v. Tissing,* 74 Mo. 72. (*c*) Even if the offence charged existed at common law, the statute prescribes a particular punishment to be inflicted upon those who commit it under special circumstances. When a common-law offence is thus made statutory and the

subject of indictment, the indictment should be drawn under the statute. *State v. Bittinger*, 55 Mo. 596. (*d*) It was not necessary to set out the particular felony for which the defendant was confined in the penitentiary. *State v. Adcock*, 65 Mo. 590; *State v. Murray*, 15 Me. 100; *Gunyon v. State*, 68 Ind. 79; *Clemons v. State*, 4 Lea (Tenn.) 23. (2) [*a*] The designation of defendant in the indictment by the initials of Christian and middle name is not error. Under the statute of jeofails, any defect, or imperfection, which does not tend to the prejudice of the substantial rights of the defendant, upon the merits, will not vitiate the indictment. R. S., sec. 1821; *State v. Chamberlain*, 89 Mo. 131; *State v. Gonce*, 87 Mo. 629; *State v. Elkins*, 63 Mo. 159. (*b*) Even in the absence of statutes similar to ours (sec. 1821, *supra*), it is the tendency of courts of last resort elsewhere to regard the initials of a defendant's Christian and middle name adequate in an indictment. 1 Bish. Cr. Proc. (3 Ed.) sec. 685, and cases cited under note 4; *City Council v. King*, 4 McCord (S. C. L.) 487; *Diggs v. State*, 49 Ala. 318; *State v. Black*, 31 Tex. 560. (*c*) In the following cases it has been expressly held by this court, under section 1821, *supra*, that it was sufficient to designate the name of the injured party in the indictment by the initials of his given name: *State v. Barker*, 64 Mo. 282; *State v. Bibb*, 68 Mo. 286; *State v. Mohr*, 68 Mo. 303.

SHERWOOD, J.—The indictment, omitting the formal parts, is as follows: "That heretofore, to-wit: On the twenty-third day of February, 1883, at the county aforesaid, J. B. Johnson, Robert Jennings, John Williams, David Taylor, Perry Martin, and Lloyd Anderson were each, and all of them, convicts, and, as such, lawfully imprisoned in the penitentiary of the state of Missouri, there and then situate, according to the statute in such cases made and provided, for a term less than life, and

that the said J. R. Johnson, Robert Jennings, John Williams, David Taylor, Perry Martin, and Lloyd Anderson, and each of them, did, then and there, feloniously, wilfully, and maliciously jointly attempt, by force and violence to certain persons, to-wit: W. B. Vanhorn, Walton Platt, and R. S. Tarleton, the said W. B. Vanhorn, Walton Platt, and R. S. Tarleton being then and there the lawful guards and keepers of the aforesaid convicts, to effect their escape from such imprisonment, against," etc.

The statute upon which it is drawn reads as follows:

"Section 1456. *Attempt to escape from penitentiary by force.*—Every person lawfully imprisoned in the penitentiary, or held in custody going to the penitentiary, under sentence of imprisonment for a term less than life, who shall attempt, by force or violence to any person, to effect his escape from such imprisonment or custody, whether such escape be effected or not, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding five years, to commence at the expiration of the original term of imprisonment."

After conviction, upon a plea of guilty, the defendant moved in arrest, and his motion questions the sufficiency of the indictment.

I. As a general rule, it suffices, if an indictment, based upon a statute, employs the phraseology of the statute in charging the offence. Section 1445, a cognate section to the one being discussed, makes it a felony to furnish prisoners with implements to escape. In *State v. Adcock*, 65 Mo. 590, it was ruled to be unnecessary to set out the particular felony with which the prisoner was charged, whose escape was sought to be facilitated, and the indictment was held good. For a like reason, a like rule should prevail in the case at bar. Similar rulings have been made elsewhere. *State v. Murray*, 15 Me. 100; *Gunyon v. State*, 68 Ind. 79; *Clemons v. State*, 4 Lea (Tenn.) 23.

II.   It is insisted that the indictment is also bad because initials are substituted for the Christian, or baptismal, name of the defendant, and no excuse given for failure in this particular.   Whatever may have been the rule at common law, the objection should not prevail under the broad provisions of section 1821, Revised Statutes, 1879.   And apart from those provisions, the objection is of no force in the circumstances of the case presented by this record.   The defendant, by pleading guilty to the charge, of necessity, admitted the correctness of the initials, and of the surname.   If incorrectly thus designated, he could have pleaded in abatement, but, after verdict, or plea of guilty, its legal equivalent, it is too late to raise the point.   Again, the doctrine is fast gaining ground that such a method of designating a defendant in a criminal case, where he is accustomed to be designated, and the use of his initials and surname plainly indicates who is meant, that such initials are adequate in an indictment.   1 Bishop Crim. Proc., sec. 685, and cases cited.

These views result in an affirmance of the judgment. All concur.