LESTER M. JOHNSON v. STATE OF INDIANA.

[No. 969S209.  Filed May 26, 1972.]

*C. Kent Carter,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, *M. Daniel Friedland,* of counsel, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of attempted escape under Acts of 1957, ch. 149, § 1, 1971 Supp. 1956 Repl. Burns Ind. Stat. Ann. § 10-1816, IC 1971, § 35-31-7-1, quoted in pertinent parts as follows:

> "Any person, *lawfully confined* in any penal institution, * * * who attempts to make an escape from such institution, * * * shall be guilty of attempted escape * * *." (Emphasis added)

He was fined $40.00 and sentenced to imprisonment for a term of one year. The error assigned is that the trial court erred in overruling his motion for a new trial wherein he alleged the judgment to be not sustained by sufficient evidence and to be contrary to law, in that the confinement, from which he attempted to escape, was unlawful. Defendant had been involved in divorce and custody proceedings in the Monroe Circuit Court and was committed to jail for contempt, the order book entry thereon being as follows:

> "Comes now the petitioner by counsel, Lewellyn H. Pratt, and Defendant appears in person and the Court now orders and directs that this Defendant, having heretofore violated the order of this Court, be held in jail indefinitely and until such time he complies with the order of this Court and said minor child of the parties is heretofore delivered."

It is not disputed that during his incarceration, the defendant attempted to escape, but it is his contention that no offense was thereby committed, in that the confinement was unlawful by reason of the court's having failed to follow the statutory procedures for contempt citations and thereby being without jurisdiction to issue the confinement order.

Counsel for both the defense and the State have dwelled at length on the proceedings leading up to the order of confinement, attempting to convince us of their illegality or legality, as supports their respective positions. We believe these labors to be lost, however, as such is not determinative of the issue herein. Although grave doubts appear with regard to the legality of the defendant's confinement upon the contempt charge, we do not meet that issue. True, the statute applies only to escapes from "lawful" confinement, but that does not entitle all who may question the legality of the proceedings leading to their confinement to resort to self-help. Although numerous cases involving justification for escape have arisen in other jurisdictions, the question has not previously been passed upon by this Court. We find a substantial number of decisions from other states where, under circumstances obviously lacking due process, breaking jail was found not to be a criminal offense. We have made no attempt to analyze all these cases or to reconcile them with the majority view to the contrary, which is the view we believe to square with reason. Not necessarily inconsistent with the rule that escape is justifiable where the imprisonment is "unlawful" are a number of cases holding that where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels, even though he might be able to show such defects in the procedure by which he was arrested, tried, sentenced, committed, or imprisoned as to justify or require his release on appeal or habeas corpus. The question is well annotated in 163 ALR 1137, 70 ALR 2d 1430 and 70 ALR 2d 1430 later case service.

The use of the word "lawful" in the Indiana escape statute

does not render it unique, or require an application of the statute different than would otherwise be had.

> "The law in regarding this offence of prison breaking will be found, as usual, to have accommodated itself to the immutable principles of justice and reason; and always has demanded, before one should be judged guilty of the crime, that the imprisonment from which he broke should be shown to be lawful and well grounded; it will not endure, that a person who is imprisoned without any ground, or contrary to law, should be adjudged guilty of a felony for even forcibly regaining that liberty, to which he was always and every moment entitled. But, it is not merely those who are guilty of felony, or other crime, who may be rightfully imprisoned; but under many circumstances, those who are actually innocent may be lawfully imprisoned, and who ought to submit themselves, until they are delivered by due course of law." *Commonwealth* v. *Miller* (1835), Pa. 2 Ashmead Reports 61 at 64.

In *State* v. *Palmer* (1950), 45 Del. 308, 72 A. 2d 442 the claim that the accused, on his original conviction, had been denied counsel and not accorded due process was held not to justify his escape from confinement, the court saying that even if it was held that escape was justified where the commitment was void on its face, in the instant case the commitment was in order and did not reveal the denial of counsel so that it could not be said to be void. In the case at bar, even if we acknowledge that the court has no jurisdiction over the defendant in the contempt proceedings, it was nevertheless a court of general jurisdiction and issued a confinement order valid upon its face.

In *Tann* v. *Commonwealth* (1949), 190 Va. 154, 56 S. E. 2d 47, the court held that although the defendant may have been improperly deprived of counsel at the trials in which he was convicted and that it might have been possible to set aside his conviction on appeal or habeas corpus his escape was, nevertheless, not justifiable, the court saying that when one has been confined in prison by authority or command of the law it is his duty to submit until delivered by due course

of law, his guilt or innocence being immaterial. To hold otherwise would bring the law into disrepute and completely render prison order and discipline unenforceable, said the court, noting that the validity of a judgment often presents a difficult question even for experienced lawyers and courts. It was pointed out that the defendant had been held by order of a court of competent jurisdiction clothed with authority to issue the commitment, which was issued to a proper official in a legal manner.

The case at bar is very similar to that of *Whitaker* v. *Commonwealth* (1920), 188 Ky. 95, 221 S. W. 215, 10 ALR 145, wherein the defendant, before escaping, had been sentenced without hearing or trial, and the judge refused to accept bond and was threatening to send him to jail in another county. The Court of Appeals of Kentucky in that case said that those were matters which should have been presented in due time and before the proper forum, holding that since the judge was authorized to order the arrest and hear and determine the matter and a judgment was duly entered committing defendant to jail until he furnished bond, his escape was from lawful custody and therefore a criminal offense, his duty being to submit to the commitment until his status was changed or he was released in a proper manner.

In *State* v. *Murray* (1838), 15 Me. 100, the defendant had been left with the prison keeper without any commitment order. The court said this did not justify his escape and that whether or not the objection might have arisen on a writ of habeas corpus, people were not to be encouraged in demolishing prisons to obtain the liberation of prisoners, who are presumed to be lawfully in custody, until the cause of their commitment is regularly certified to the constituted authorities in the way pointed out by law.

As was said by the court in *State* v. *Palmer* (1950), 45 Del. 308, 72 A. 2d 442, this rather severe attitude on the part of the courts was founded upon sound public policy, since jail-

breaks are extremely disruptive to prison routine, dangerous to guards, police and the public, and to make it the province of every prisoner in every jail to decide for himself whether conditions justified his escape would only serve to increase the number of attempts to break jail, so that a plea of justification for escape, if permissible at all, would be recognized only in the most extreme situations.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C. J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 802.