HOWARD E. GULLEY *v.* STATE OF INDIANA.

[No. 1-1272A114. Filed April 10, 1973.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-Appellant (Gulley) was convicted by a jury of jail-breaking in violation of IC 35-21-8-1, Ind. Ann. Stat. § 10-1809 (Burns 1972 Supp.) and sentenced by the Posey Circuit Court to a term of one year. Gulley's motion to correct errors, which was overruled by the trial court, presents two issues for review on appeal: (1) whether or not there was sufficient evidence to support the verdict of the jury, and (2) whether or not the trial court committed reversible error in allowing testimony as to a prior conviction of defendant.

The sole evidence offered in this cause was the testimony of William Cox, the Posey County Sheriff, who at the time of the alleged offense was holding Gulley in custody pending the filing of a motion to correct errors from a conviction of second degree burglary. Cox testified that on March 6, 1972,

he and Gulley were disposing of the garbage and trash, as was their daily routine, behind the jail when he left Gulley for three to five minutes to answer a telephone call. Cox had instructed Gulley to dump the trash in his absence. Upon returning to the area of the trash containers, Cox was unable to locate Gulley and received no answer upon calling for him. Cox further testified that Gulley did not have permission to leave the premises, nor did he have a court order to release Gulley from his custody. Gulley was not seen again by Sheriff Cox until March 28, 1972, in Savannah, Georgia, where Gulley had been taken into custody.

With respect to the first issue, it is contended by Gulley that the verdict is not supported by sufficient evidence upon all necessary elements of the offense for which he was convicted. More specifically, Gulley's contention is directed to the mens rea element of escape of which the Indiana Supreme Court recently stated:

"In a criminal prosecution for escape from jail or prison the appellee is required to prove the element of mens rea, i.e., that the prisoner intentionally and without authority left the custody of his jailor." (Citing authorities). *Utley* v. *State* (1972) 258 Ind. 443, 281 N.E.2d 888, 892.

Gulley admits in his brief that the evidence most favorable to the State indicates that he left the custody of the jailor without authority. It is argued, however, that the State failed to prove beyond a reasonable doubt that he intentionally left the custody of the jailor.

It is well established law in Indiana that intent is a question of fact to be determined by the trier of fact from all the evidence. *Stanley* v. *State* (1969), 252 Ind. 37, 245 N.E. 2d 149, *Tait* v. *State* (1963), 244 Ind. 35, 188 N.E. 2d 537. Furthermore, intent may be inferred from circumstances which legitimately permit it. *Stanley* v. *State, supra, Young* v. *State* (1971), 257 Ind. 173, 273 N.E.2d 285, *Robinson* v. *State* (1971), 257 Ind. 38, 271 N.E.2d 727. It is our opinion that in the instant case there was sufficient evidence

from which the jury could reasonably infer that Gulley intentionally left the custody of his jailor.

The sole authority relied upon by Gulley to support his argument relating to the sufficiency of the evidence is *Utley* v. *State, supra,* in which a conviction for jail breaking was reversed. The *Utley* case, however, is distinguishable for the reason that, unlike the instant case, the defendant in *Utley* was not in the actual custody of his jailor at the time of the alleged offense, but was seeking employment under a work release program. Furthermore, in *Utley,* the Supreme Court found that there was no record to show any geographical limits on the defendant's search for employment, whereas in this case the evidence clearly established that Gulley was confined to the jail premises.

The second issue raised is that the court committed reversible error in allowing Sheriff Cox to testify, over objection by defense counsel, that Gulley had been convicted of a prior crime. The prior conviction to which Cox testified was second degree burglary for which Gulley was being held at the time of his escape. Gulley argues that this testimony did not tend to prove an essential element of the crime charged, and served only to prejudice him in the minds of the jury. We find no merit in this argument. A material element of the offense of jail breaking is that the defendant be "lawfully confined . . . at the time of such escape". IC 35-21-8-1, Ind. Ann. Stat. § 10-1809 (Burns 1972 Supp.). Thus it is incumbent upon the State in a jail breaking prosecution to prove that the defendant was in lawful confinement. Accordingly, we find that the court did not err in allowing testimony offered for the purpose of showing that Gulley was lawfully confined pursuant to a conviction of second degree burglary.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 294 N.E.2d 630.