MILES GOODNER *v.* STATE OF INDIANA

[No. 2-778A241. Filed November 20, 1978.]

*Leroy K. New*, of Carmel, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Terry G. Duga*, Deputy Attorney General, for appellee.

CHIPMAN, P.J. — Miles Goodner was convicted by a jury of the offense of jail breaking.[1] On April 20, 1978, he was sentenced to not less than one year nor more than five years. Goodner presents two issues on appeal:

1. The court should have dismissed the information since the defendant was sixteen years old and, therefore, could not be legally confined in a "county lockup."

2. The State failed to prove that the defendant was confined in a jail or prison and further that he intended to escape "lawful confinement."

---

1. IC 1971, 35-21-8-1. Repealed by Acts 1976, P.L. 462, § 1, p. 666, effective October 1, 1977. For new law see Wests' AIC 35-44-3-5.

## FACTS

On July 27, 1977, Goodner was delivered by the Marion County Sheriff into the custody of Bailiff Roach of the Marion County Juvenile Court. The defendant was at that time being detained by order of the Juvenile Court Judge Valan S. Boring on a charge pending in his court.

Bailiff Roach placed Goodner in one of the three cells in the court's lockup area. Through inadvertence, the defendant's cell was not locked and for a few minutes the area was left unguarded. Goodner left the lockup and was observed running from the Juvenile Court building by two witnesses. He was apprehended and arrested on July 29, 1977.

ISSUE ONE:   Legality of confinement of a sixteen year old juvenile

Jurisdiction over Goodner was waived to the Marion County Criminal Court on October 20, 1977. An information was subsequently filed charging him with the offense of jail breaking. On November 14, 1977, Goodner waived arraignment and pled not guilty. Over four months later appellant filed a motion to dismiss. This motion was filed two days before the date scheduled for the commencement of the trial. After hearing evidence the court denied the motion to dismiss.

Goodner's motion to dismiss as well as the issue before this court, is addressed to the proposition that under Indiana law a juvenile cannot be legally detained in any prison, jail, or lockup. Appellant contends that as a sixteen year old, he cannot be guilty of jail breaking since the principal element of the offense involves "being lawfully confined in a city, town, or county jail or lockup."[2] We disagree with this reasoning. The statute pertaining to detention of juveniles and relied upon by Goodner reads in part as follows:

"No child under eighteen [18] years of age shall be detained in any prison, jail or lockup, nor shall such child be brought into any police station, vehicle or other place where such child can come in contact or communication with any adult convicted of crime or under arrest and charged with crime:   Provided, That *a child*, whose habits or conduct are deemed such as to constitute a menace to other persons, *may, with the consent of the judge* or chief probation

2.   See footnote 1, supra.

officer, *be placed in a jail or other place of detention* for adults, but in a room or ward separate from adults: . . . .[3] (emphasis added)

This section of the Indiana Code provides that under most conditions a child would not be detained in a jail or prison. It does make provision for confinement of a juvenile under certain conditions and those, according to the record, would have been met.

The facts most favorable to the State establish that Goodner was in the actual custody of the Marion County Sheriff by order of Judge Boring of the Juvenile Court. The defendant's custody was then transferred to the court's bailiff and he was placed in a lockup adjacent to the courtroom and shortly thereafter escaped.

The Statute concerning the offense of jail breaking reads in part as follows:

Any person being lawfully confined in any . . . county . . . lockup . . . (and) who while under lawful detention shall escape therefrom, or from the custody of the officer lawfully in charge of such person whether or not at said . . . lockup . . . or place of detention at the time of such escape, shall be deemed guilty of a felony . . . Provided, that any person who violates the terms of this chapter who is of such age at the time of said violation so as to be under the jurisdiction of the juvenile court . . . , shall be considered as having committed an act of delinquency rather than a criminal act, *unless the juvenile court . . . waives jurisdiction to a court of criminal jurisdiction. . . .*(emphasis added) IC 1971, 35-21-8-1 (Burns Code Ed.)

The facts when examined in conjunction with the sections pertaining to detention of juveniles and jail breaking would justify the court's denial of Goodner's Motion to Dismiss.

It should further be pointed out that the motion to dismiss filed by Goodner is governed by IC 1971, 35-3.1-1-4 (Burns Code Ed.). The pertinent portion of this section reads as follows:

Motion to dismiss. — (a) The court may, upon motion of the defendant, dismiss the indictment of information upon any of the following grounds: . . .

---

3. IC 1971, 35-5-7-23 (Burns Code Ed.).

(9) The indictment or information does not state the crime with sufficient certainty or the facts stated do not constitute a crime.

(b) Except as otherwise provided, a motion pursuant to this section *shall be made prior to arraignment and plea.* A motion made thereafter may be *summarily denied* if based upon a ground specified in paragraphs (1), (2), (3), or (9) of subsection (a) of this section. . . . (emphasis added)

The court had the authority under this section to summarily deny the motion to dismiss since it was filed after arraignment and the plea of not guilty. Judge Boring instead held a hearing and after evidence was submitted denied the motion. Under the circumstances the defendant was not entitled by law to this hearing but was provided that opportunity. The court did not err in denying appellant's motion to dismiss. *See Cooper v. State* (1972), 259 Ind. 107, 284 N.E.2d 799.

ISSUE TWO: Motion for judgment on the evidence

The record reveals that at the conclusion of the State's case in chief, Goodner moved for judgment on the evidence in accordance with Indiana Rules of Procedure, Trial Rule 50. The court needed to determine at that time whether the State had submitted evidence on each element of the offense of jail breaking.

The elements of jail breaking as they apply to this case are: (1) while in lawful confinement, (2) in a county lockup, (3) the defendant escaped from that lockup or from the custody of the officer lawfully in charge. The record discloses there was evidence submitted by the State on each of these elements. The court, therefore, properly denied Goodner's TR. 50 motion for judgment on the evidence.

Goodner, in support of his argument on this issue, relies primarily on *Utley v. State* (1972), 258 Ind. 443, 281 N.E.2d 888. *Utley* is factually distinguishable from the case at hand. Utley was sentenced to the county jail on a work release program. The probation officer arranged for Utley's release in order that he might seek employment. He failed to return to the county jail at the time specified and six days later was picked up at a jail in Kentucky. Judge DeBruler points out that Utley was neither in jail nor under the supervision of anyone who could resist his efforts to violate the conditions of his release. The opinion further

points out that the evidence submitted during the *Utley* trial was insufficient to support the element of mens rea, "i.e. that the person intentionally and without authority left the custody of his jailer." The Supreme Court reversed and discharged Utley.

Appellee argues that *Gulley v. State* (1973), 156 Ind.App. 15, 294 N.E.2d 630 is more dispositive of this case. We agree. Gulley was in the custody of the Posey County Sheriff and the two were disposing of garbage and trash behind the jail. The Sheriff left Gulley in order to answer the telephone and instructed him to continue dumping the trash. Gulley then departed and was later apprehended in the State of Georgia. On appeal *Gulley* also relied on the opinion in *Utley* (supra) in support of his argument seeking a reversal of his conviction. Justice Robertson distinguished the facts in *Gulley* from that of *Utley* on the basis that Utley was not in actual custody and no geographical limits had been established within which he could seek employment. Conversely, Gulley was in the custody of the Sheriff and confined to the jail premises which would include the area behind the jail for disposing of trash.

The evidence in the case at bar is even stronger than in *Gulley* since Goodner was in the custody of the juvenile court bailiff and confined in a lockup that would fall within the purview of the code sections which provide for the detention of a juvenile and the offense of jail breaking.

Judgment is affirmed.

Miller, J. concurs.

Young, J. concurs in result.

NOTE—Reported at 382 N.E.2d 968.