BRUCE CARPENTER *v.* STATE OF INDIANA

[No. 3-776A161. Filed December 5, 1978.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

HOFFMAN, J. — As a result of his arrest for the crime of theft on October 31, 1974, defendant-appellant Bruce Carpenter (Carpenter) was incarcerated in the DeKalb County Jail. On November 2, 1974, Carpenter escaped from the jail but was apprehended later that day. While awaiting trial, defendant again escaped from the jail on December 15, 1974 and remained at large until May 1975 when he was located by California authorities. Waiving extradition, he was returned to Indiana and charged by information with two separate counts of jail breaking pursuant to IC 1971, 35-21-8-1 (Burns Code Ed.) which reads, in part, as follows:

> "Any person being lawfully confined in any city, town, or county jail or lockup, or any prison or other place of detention under the jurisdiction of the department of correction of this state who while under lawful detention shall escape therefrom or from the custody of the officer lawfully in charge of such person whether or not at said jail, lockup, prison or place of detention at the time of such escape, shall be deemed guilty of a felony and on conviction thereof shall be imprisoned not less than one [1] year nor more than five [5] years, and fined in any sum not exceeding five hundred dollars [$500]; or in the alternative shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined in any sum not exceeding five hundred dollars [$500] or imprisoned for any determinate period not exceeding one [1] year, or both such fine and imprisonment."

Defendant was convicted of both jail breaking offenses by a jury. For the November 2 escape he was adjudged guilty of a misdemeanor and received a six-month sentence. For the December 15 escape he was convicted of a felony and sentenced for a period of not less than one nor more than five years.

His appeal raises two issues:

(1) whether defendant was lawfully confined when he escaped from jail; and

(2) whether the trial court erred in denying defendant's motion for a discharge.

Defendant contends that his escapes were justified because he was unlawfully confined in jail. A material element of the offense of jail breaking is that the defendant be lawfully confined at the time of his escape. Thus, it is incumbent upon the State in a jail breaking prosecution to prove that the defendant was in lawful confinement. *Gulley v. State* (1973), 156 Ind.App. 15, 294 N.E.2d 630.

Defendant's argument of unlawful confinement relates to the following alleged defects surrounding his arrest for the original offense of theft: illegal search of an automobile; unlawful interrogation of the defendant after his arrest; deprivation of counsel; and lack of probable cause for his initial arrest. However, it is unnecessary to discuss these alleged defects since the instant case is controlled by *Johnson v. State* (1972), 258 Ind. 515, 282 N.E.2d 802, which affirmed a conviction of attempted escape. In *Johnson,* the Indiana Supreme Court held the defendant to be lawfully confined where the commitment order was valid on its face. The Court stated at 803-804 of 282 N.E.2d:

"Counsel for both the defense and the State have dwelled at length on the proceedings leading up to the order of confinement, attempting to convince us of their illegality or legality, as supports their respective positions. We believe these labors to be lost, however, as such is not determinative of the issue herein. Although grave doubts appear with regard to the legality of the defendant's confinement upon the contempt charge, we do not meet that issue. True, the statute applies only to escapes from 'lawful' confinement, but that does not entitle all who may question the legality of the proceedings leading to their confinement to resort to self-help. Although numerous cases involving justification for escape have arisen in other jurisdictions, the question has not previously been passed upon by this Court. We find a substantial number of decisions from other states where, under circumstances obviously lacking due process, breaking jail was found not to be a criminal offense. We have made no attempt to analyze all these cases or to reconcile them with the majority view to the contrary, which is the view we believe to square with reason. Not necessarily inconsistent with the rule that escape is justifiable where the imprisonment is 'unlawful' are a number of cases holding that where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular

legal channels, even though he might be able to show such defects in the procedure by which he was arrested, tried, sentenced, committed, or imprisoned as to justify or require his release on appeal or habeas corpus. The question is well annotated in 163 A.L.R. 1137, 70 A.L.R.2d 1430 and 70 A.L.R.2d 1430 later case service.

"The use of the word 'lawful' in the Indiana escape statute does not render it unique, or require an application of the statute different than would otherwise be had.

" 'The law in regarding this offense of prison breaking will be found, as usual, to have accommodated itself to the immutable principles of justice and reason; and always has demanded, before one should be adjudged guilty of the crime, that the imprisonment from which he broke should be shown to be lawful and well grounded; it will not endure, that a person who is imprisoned without any ground, or contrary to law, should be adjudged guilty of a felony for even forcibly regaining that liberty, to which he was always and every moment entitled. But, it is not merely those who are guilty of felony, or other crime, who may be rightfully imprisoned; but under many circumstances, those who are actually innocent may be lawfully imprisoned, and who ought to submit themselves, until they are delivered by due course of law.' Commonwealth v. Miller (1835), Pa., 2 Ashmead Reports 61 at 64.

". . . In the case at bar, even if we acknowledge that the court has no jurisdiction over the defendant in the contempt proceedings, it was nevertheless a court of general jurisdiction and issued a confinement order valid upon it (sic) face."

In *People v. Winchester* (1972), 5 Ill.App.3d 548, 283 N.E.2d 696, it was held that the fact the charges pending at the time of defendant's escape were dismissed and that defendant was not convicted upon such charge, did not invalidate his conviction for escape. In the case of *In Re Provencher* (1969), 127 Vt. 558, 255 A.2d 180, at 183, the Supreme Court of Vermont held that claimed defects in the original apprehension of the defendant did not justify his escape from jail.

"In these circumstances we cannot accept a contention that the possibility of some technical shortcoming, or even of acquittal by a jury, gives rise to a right, by force, to break free of the custody of the law prior to any adjudication of such issues. The basic postulate that we are governed by rule of law requires that we recognize its authority, and recognize likewise our duty to challenge its application by resort (sic) to proper judicial proceedings, not self-help."

In *Jennings v. State* (1969), 8 Md.App. 321, 259 A.2d 547, the Court stated that warrants valid on their face show at least that appellant was imprisoned under color of law.

The warrant issued for Carpenter's arrest, in the present case, was valid on its face, and appellant has not contested that fact on appeal. Since defendant was confined in jail by virtue of an arrest warrant valid on its face, he was lawfully confined within the meaning of the statute. Therefore, even if Carpenter could establish such defects surrounding his original arrest for theft as to require his release on appeal or through habeas corpus proceedings, that nevertheless would not provide a justification for escaping from the DeKalb County Jail on either occasion.

This rather severe attitude is founded upon sound public policy, because jail breaks are extremely disruptive to prison routine; dangerous to guards, police and the public; and to make it the province of every prisoner in jail to decide for himself whether the conditions justified his escape would only serve to increase the number of attempts to break jail, so that a plea of justification for escape, if permissible at all, should be recognized only in the most extreme situations.

Defendant next maintains he was entitled to discharge prior to trial pursuant to Ind. Rules of Procedure, Criminal Rule 4(C) because his February trial date violated the requirement of CR. 4(A) which provides that a defendant be released on his own recognizance if he has been held in jail without trial for more than six months. Assuming, without deciding, that defendant was entitled to release on recognizance, the failure to release him from jail at the expiration of the six-month period would not require his discharge. In *Carpenter v. State* (1978), 177 Ind.App. 161, 378 N.E.2d 908, it was stated, "[Defendant] urges that discharge is the only viable remedy if a defendant is not released from jail at the expiration of the six month period. We disagree. Moreover, the history of CR. 4(A) clearly demonstrates a contrary intent, and our Supreme Court so held in *Collins v. State* (1977), 266 Ind. 430, 364 N.E.2d 750; *see also: Lewis v. State* (1976), 264 Ind. 288, 342 N.E.2d 859." Since defendant has conceded that he was brought to trial within one year pursuant to CR. 4(C), there can be no question that he was not entitled to a discharge.

No reversible error having been demonstrated, the judgment of the trial court is affirmed.

Affirmed.

Garrard, P.J. and Staton, J. concur.

NOTE—Reported at 382 N.E.2d 1026.