**William (Billy) LAND, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1182S459.**

Supreme Court of Indiana.

Nov. 7, 1984.

Barrie C. Tremper, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of attempted murder, a class A felony, Ind.Code § 35–41–5–1 and a determination that appellant is a habitual offender, Ind. Code § 35–50–2–8. The case was tried before a jury. Appellant was sentenced to forty years for attempted murder and thirty years, to run consecutively, for being a habitual offender.

Appellant raises four issues on appeal: (1) whether the information for attempted murder was defective in that it did not allege specific knowledge or intent to kill, (2) whether the trial court improperly refused appellant's instruction on the defense of abandonment, (3) whether State's exhibits A, B, and C were properly admitted into evidence at the habitual offender proceeding over appellant's objection, (4) and whether the sentence of forty years for attempted murder and the sentence of thirty years for being a habitual offender, separately imposed and consecutive thereto are contrary to law.

These are the facts that tend to support the determination of guilt. From sometime in 1980, through the early part of 1981, the appellant had a romantic relationship with Phyllis Kennedy, who is the step-daughter of the victim, Sherman D. Painter. Miss Kennedy became pregnant with appellant's child. She decided to have an abortion, and, without telling appellant, she borrowed seven-hundred dollars from Painter toward that end.

On the evening of January 15, 1981, Kennedy admitted to appellant that she had had an abortion. Appellant spent the next day drinking with a friend. The friend accompanied appellant when he borrowed a rifle from a third man. In the evening, appellant left his friend and drove to Painter's home in Fort Wayne. When Painter refused to admit him into the house, appellant raised the rifle and fired. A struggle ensued, and appellant beat Painter with the butt of the rifle, yelling "I'm going to kill you, "I'm going to kill you". Appellant then shot Painter once in the abdomen and fled from the scene.

I

Appellant was charged with attempted murder; Count I, in an Information which read, in pertinent part:

> On or about the 16th day of January, 1981 ... William Billy Land, did attempt to commit the crime of Murder by knowingly and intentionally using a rifle to shoot Sherman D. Painter causing serious bodily injury which conduct constituted a substantial step toward the commission of the crime of Murder.

Immediately before the State made its opening statement, appellant objected to the submission to the jury of the case as charged in Count I. On appeal, he argues that the trial court erred in overruling his objection in that the information failed to adequately inform him of the charge against him.

■ A defendant may be charged with a crime in a written information which must set forth the "... nature and elements of the offense in plain and concise language without unnecessary repetition." Ind.Code § 35–3.1–1–2 upon a proper motion by the defense, a trial court may dismiss such an information, but Ind.Code § 35–3.1–1–4(b) requires that the motion must be made prior to arraignment and plea. A motion made thereafter may summarily be denied. *Goodner v. State* (1978), 178 Ind.App. 312, 382 N.E.2d 968; *McChristiam v. State* (1979), 272 Ind. 57, 396 N.E.2d 356. In the absence of a timely attack on the sufficiency of an information, appellate review is foreclosed. *Howard v. State* (1982), Ind.App., 431 N.E.2d 868.

Appellant's objection challenged the sufficiency of the charging instrument. That issue was required to be included in a proper motion to dismiss.

■ The record is clear that he did not object to the charge until the jury was sworn and until the State was ready to make its opening statement. This demonstrates that appellant was not prevented from preparing an adequate defense. His failure to comply with the time constraints of Ind.Code § 35–3.1–1–4 justifies the trial court's overruling of his objection.

II

■ Appellant claims that the trial court erred in refusing his tendered jury instruction on the defense of abandonment. In determining whether an instruction has been properly refused, the Supreme Court will determine whether the tendered instruction correctly states the law, whether the substance of the instruction is adequately covered by other instructions which are given, and whether the evidence in the record supports the giving of the tendered instruction. *Williams v. State* (1979), 271 Ind. 656, 395 N.E.2d 239, *Davis v. State* (1976) 265 Ind. 476, 355 N.E.2d 836.

■ Abandonment is a legal defense with respect to a charge of aiding or inducing another to commit a crime, attempting to commit a crime, or conspiracy to commit a felony. Ind.Code § 35–41–3–10. A crime of attempt, that with which appellant was charged, occurs when one having the state of mind required for a particular substantive offense conducts himself so as to take a substantial step towards commission of that offense. Ind.Code § 35–41–5–1. Appellant's tendered instruction correctly defined the abandonment defense, and its substance was not covered by other instructions. This leaves the absence of evidence to support the abandonment theory

as the remaining possible basis for rejection.

Appellant contends that evidence of abandonment is presented in the testimony that both men were angry as they fought, that the shot entered a "non-fatal area of the body", and that appellant walked away in a deliberate fashion after the shooting. There is no rational inference to be drawn from this evidence that appellant abandoned his efforts to shoot and kill Painter. His acts of raising the loaded rifle in response to the refusal of Painter to admit him, in beating Painter to his knees with the butt of the rifle, injecting a new round into the chamber, stepping back and firing into the stomach of the victim, and then walking away, provide no basis upon which to infer that kind of change of heart, desertion of criminal purpose, change of behavior, and rising revulsion for the harm intended, contemplated by the statute as relieving one of criminal responsibility. In the immediacy of the events developing from his conduct in confronting his intended victim with the threat of deadly force, appellant actually inflicted a most serious battery upon him.

The non-fatal nature of the shot, the angry fighting, and calm departure, support no more than a scant speculation that appellant may have considered or made a change of course. A trial court may properly refuse an instruction regarding abandonment if there is insufficient evidence that the accused voluntarily desisted in his efforts to carry out the criminal plan. *Barnes v. State* (1978), 269 Ind. 76, 378 N.E.2d 839. Such was the case here.

### III

Following the return of the verdict of guilty, appellant was subjected to trial on the habitual offender count which alleged his prior convictions and sentences for theft in Marshall County in 1967 and arson in Fulton County in 1975. To support these allegations the prosecution was permitted to introduce a transcript of the testimony given by appellant while testifying at the trial, during which he directly and expressly stated that he had been convicted of those two felonies in those counties and at those times. To this the prosecution added certified court records from the two counties reflecting such convictions of a person having the same name as appellant.

Appellant claims the evidence was insufficient to identify him as the person who was reflected in the court records as having been convicted. We do not weigh the evidence nor judge the credibility of witnesses. *Collins v. State* (1981), Ind, 429 N.E.2d 623. Here the coincidence in the time, place, and type of convictions shown by the court records and appellant's admissions was sufficient to warrant a reasonable trier of fact to conclude beyond a reasonable doubt that appellant had accumulated two prior felony convictions as required by Ind.Code § 35–50–2–8.

Appellant also claims that the use of his trial testimony regarding the two convictions at the habitual offender stage impinged rights guaranteed by the privilege against self-incrimination. We noted in *Denton v. State* (1983), Ind., 455 N.E.2d 905 as follows:

"The privilege against self-incrimination protects the accused in a criminal proceeding from (1) being compelled (2) to give cognitive information (3) which may be incriminating."

Here there was no compulsion satisfying the first criterion above, acting upon appellant during his trial upon the underlying felony. His decision to then testify and divulge relevant matter of which he had knowledge was not compelled. The use therefore, in a subsequent criminal proceeding, of this actual testimony which followed that decision, did not violate the privilege.

### IV

Finally, appellant makes two claims regarding the sentencing process, which are clearly correct and require remand. Pursuant to Ind.Code § 35–41–5–1 the offense of attempt to commit murder

does not carry the same penalty as murder itself, but is instead a class A felony. The trial court could not therefore provide for a forty year sentence as it did without specifying its reasons for adding an additional ten years to the presumptive thirty year sentence for the class A felony. Furthermore, the order of a separate thirty year sentence to run consecutively to the sentence on count one is contrary to law. *Short v. State* (1982), Ind., 443 N.E.2d 298. Under these circumstances we remand to the sentencing court with instruction to expunge the sentence and impose in its stead a flat sixty year sentence, to reflect appellant's habitual offender status, or in the alternative to conduct a new sentencing hearing to facilitate a reasoned consideration of the sentencing values of potential aggravating and mitigating circumstances. The request for oral argument is considered and denied. The conviction and determination of habitual offender status are otherwise affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ. concur.