**Alonzo TRIPLETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9510–CR–626.

Court of Appeals of Indiana.

July 25, 1996.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for Appellant.

Pamela Carter, Attorney General, James A. Joven, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

FRIEDLANDER, Judge.

Alonzo Triplett appeals his conviction of Escape,[1] a class C felony, presenting as the sole issue for review the sufficiency of the evidence regarding the element of lawful detention.

We affirm.

The facts favorable to the judgment are that Triplett was being held in the detention ward at Wishard Hospital in Indianapolis, Indiana. The detention ward was under the control of the Marion County Sheriff's Department and was where prisoners with medical problems were treated. Neil Gary was a prisoner transport specialist for the Indianapolis Police Department and on the night of March 9, 1995, Gary was instructed to transport Triplett from Wishard to the lockup at the Marion County Jail. Gary took

---

1. Ind.Code Ann. § 35–44–3–5 (West 1986).

custody of Triplett from the correctional officers at the hospital detention ward.

Gary took Triplett to a paddy wagon that was parked outside the hospital. As Gary was helping Triplett into the paddy wagon, Triplett broke free from Gary's grasp and fled. Gary called authorities and reported a fleeing suspect. Gary chased Triplett into nearby Riley Hospital, but lost sight of him after Triplett entered the hospital. Triplett was apprehended a short time later by Riley Hospital security officers.

■ Triplett challenges the sufficiency of the evidence. When considering challenges to the sufficiency of the evidence, we consider only the evidence favorable to the judgment, together with the reasonable inferences to be drawn therefrom. *Jenkins v. State*, 627 N.E.2d 789 (Ind.1993), *cert. denied*, — U.S. —, 115 S.Ct. 64, 130 L.Ed.2d 21.

Triplett notes that it was incumbent upon the State to prove that Triplett was lawfully detained because such is a material element of the offense of which he was convicted.[2] *See Gulley v. State*, 156 Ind.App. 15, 294 N.E.2d 630 (1973). Triplett contends that the evidence was insufficient to prove the element of lawful detention:

> In contrast, the *only* evidence here was the testimony of a transportation officer that Defendant/Appellant was being "held on other charges".... There was no evidence that, in fact, charges were pending or that there were outstanding warrants for the arrest of Defendant/Appellant.... Such testimony is not sufficient to establish beyond a reasonable doubt that Defendant/Appellant was lawfully confined for the purpose of proving an escape.

Appellant's Brief at 6 (citations omitted)(emphasis in original).

Triplett argues upon appeal that the State failed to prove the detention was *lawful.* In support of this contention, Triplett notes that the State did not present evidence setting out the specific charges upon which he was being detained. Triplett contends Gary's testimony that Triplett was being held on

other charges was inadequate to prove that the detention was lawful. Triplett's argument seems to imply that the reasons underlying the detention must be set out with specificity.

We first observe that Triplett is correct in stating that, at trial, the State did not present evidence as to the specific reason for Triplett's detention on the night in question. Although this court has determined that lawful detention must be proven to sustain a conviction of escape, *see Carpenter v. State*, 178 Ind.App. 446, 382 N.E.2d 1026 (1978), no case has established the quantum or nature of proof necessary to satisfy the State's burden with regard to this element. Certainly, no court has held that the lawful detention element must be proven, at least in part, by evidence establishing the precise reason for detainment.

The phrase "lawful detention" is defined by statute as follows:

> "Lawful detention" means arrest, custody following surrender in lieu of arrest, detention in a penal facility, detention in a facility for custody of persons alleged or found to be delinquent children, detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance, detention of extradition or deportation, or *custody for purposes incident to any of the above including transportation, medical diagnosis or treatment,* court appearances, work, or recreation, or any other detention for law enforcement purposes; but it does not include supervision of a person on probation or parole or constraint incidental to release with or without bail.

Ind.Code Ann. § 35–41–1–18 (West 1986) (emphasis supplied). The above definition for "lawful detention" is applicable to that phrase as used in the statute defining escape. *See* IC § 35–41–1–3. The highlighted portion of the statute explicitly provides that a person is under lawful detention while in custody during transportation to or from a

---

2. Subsection (a) of IC § 35–44–3–5 defines the offense of escape as follows: "A person who

intentionally flees from lawful detention commits escape, a Class C felony."

penal facility for the purpose of obtaining medical treatment or diagnosis.

With respect to the detention of Triplett on the night in question, Gary testified:

Q. [State] Where did you first see [Triplett]?

A. [Gary] Uh, I first saw him at Wishard Hospital in the detention holding area of the hospital at Wishard Hospital.

Q. Explain what you mean by detention or holding area?

A. The detention or holding area is there for prisoners who have been arrested and are kept there for some medical problem; if they are injured or whatever the case might be. They are held there until they are able to be transferred to lockup over at the jail.

    \*    \*    \*    \*    \*    \*

Q. Is that an area under the control of the Marion County Sheriff's Department?

A. Yes, sir, it is.

Q. And, so what are the circumstances that caused you to go to that location and see Mr. Triplett on March 9th, 1995?

A. I was to go to Wishard to pick up prisoners and Mr. Triplett was the prisoner. Uh, he was held there for other charges.

Q. Okay. And, what was your assignment in regards to Mr. Triplett that day?

A. I'm sorry, sir, I went to Wishard to pick Mr. Triplett up to transport him to lockup.

    \*    \*    \*    \*    \*    \*

Q. ... And, did you actually go into the hospital into the detention ward and meet with and take custody of Mr. Triplett?

A. Yes I did.

Q. Did you have to have any paper work that shows that you're the guy who is suppose [sic] to take him out?

A. Well, no, sir. It's a regular thing, sir, to go down there and pick up prisoners. Uh, I do have to pick up paper work from the correctional officers there for prisoners and take that along with me over to lockup.

Q. Okay. Did they have the paper work there for Mr. Triplett?

A. Yes they did.

Q. Did you pick that up?

A. Yes, sir, I did.

Q. Did you and Mr. Triplett then leave?

A. Yes, sir, we did.

*Record* at 42–45.

■  In view of Gary's testimony, it cannot fairly be said that there was no evidence that Triplett was under lawful detention at the time he ran from Gary. Gary's testimony constituted competent evidence establishing that, on the night in question, Triplett was a prisoner in the lawful custody of the Marion County Sheriff's Department. While being held on unspecified charges, he had been taken to a hospital ward that was under the control of the sheriff's department. An employee of the Indianapolis Police Department charged with the responsibility of transporting Triplett from the hospital ward back to jail had taken custody of Triplett from sheriff's department personnel at the ward. Finally, Triplett wrenched free from the transportation specialist's grasp and fled while climbing into a police paddy wagon.

While there was no evidence as to the precise reasons underlying his detainment at the time he fled from Gary, we conclude that such is not necessarily required if the lawful detention element can otherwise be inferred from evidence before the trier of fact. Gary's testimony was sufficient to establish that Triplett was in the custody of the Marion County Sheriff's Department because of criminal charges pending against him when he was transported to a secured area in a medical facility for treatment. While being returned to jail, Triplett fled from the custody of police department personnel. Therefore, the evidence was sufficient to prove that he was lawfully detained when he fled from Gary. *See* IC § 35–41–1–18.

Judgment affirmed.

SULLIVAN and DARDEN, JJ., concur.